J-S69003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAMON LUIS GONZALEZ-DEJUSUS | : | |
| | : | |
| Appellant | : | No. 2252 EDA 2019 |

Appeal from the PCRA Order Entered July 3, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006865-2006

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 26, 2020**

Appellant, Ramon Luis Gonzalez-Dejusus, appeals *pro se* from the order

denying his petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> Appellant was arrested on May 8, 2006, and on January 22, 2007, he entered a guilty plea to Kidnapping to Facilitate a Felony,[6] Robbery-Threatening Serious Bodily Injury,[7] Robbery of a Motor Vehicle,[8] Burglary,[9] and related offenses.  This [c]ourt sentenced Appellant to an aggregate term of twenty to forty years in a state correctional institution on January 24, 2007.  Appellant timely appealed and the Superior Court affirmed this [c]ourt's judgment of sentence because defense counsel failed to file a separate Pa.R.A.P. 2119(f) Statement.
>
> On April 24, 2008, Appellant filed his first Motion for Post-Conviction Collateral Relief *pro se*.  We appointed PCRA counsel

_____

[*] Retired Senior Judge assigned to the Superior Court.

on May 28, 2008. Upon the agreement of the parties, this [c]ourt reinstated Appellant's direct appeal rights *nunc pro tunc* on April 1, 2009. The Pennsylvania Superior Court subsequently dismissed Appellant's direct appeal in its Opinion, filed April 20, 2010. *See Commonwealth v. Gonzalez-DeJ[u]sus*, [994 A.2d 595,] 1204 EDA 2009 [(Pa. Super. filed August 20, 2010)]. Appellant did not seek allowance of appeal to the Pennsylvania Supreme Court; therefore, his judgment of sentence became final on or about May 20, 2010. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.")

[6] 18 Pa.C.S.A. § 2901(a)(2).

[7] 18 Pa.C.S.A. § 3701 (a)(1)(ii).

[8] 18 Pa.C.S.A. § 3702(a).

[9] 18 Pa.C.S.A. § 3502(a).

Appellant filed the instant Motion for Post-Conviction Collateral Relief *pro se* on November 1, 2018. In response, the Commonwealth filed a "Motion to Appoint Counsel/Dismiss PCRA Petition without a Hearing as Time Barred and for Lack of Jurisdiction" on December 4, 2018. This [c]ourt appointed Appellant's current PCRA counsel on April 25, 2019. On June 5, 2019, PCRA counsel filed a "Post-Conviction Relief Act No Merit Letter & Memorandum of Law Pursuant to *Commonwealth v. Finley*" and a "Petition to Withdraw as Counsel." The Commonwealth filed a "Supplemental Motion to Dismiss PCRA Petition without a Hearing as Time Barred and for Lack of Jurisdiction" on June 12, 2019. This [c]ourt issued a Notice of Intent to Dismiss on June 12, 2019, and, having received no response from Appellant, we dismissed his second Motion for Post-Conviction Collateral Relief on July 3, 2019. PCRA counsel withdrew his appearance on July 8, 2019. On July 15, 2019, Appellant filed a timely Notice of Appeal from the denial of post-conviction relief to the Superior Court.

PCRA Court Opinion, 9/10/19, at 3-4. Appellant and the PCRA court complied

with Pa.R.A.P. 1925.

- 2 -

On appeal, Appellant presents the following issues for our review, which we reproduce *verbatim*:

1.) The Commonwealth failed to bring the petitioner to trial within 180 days, thus violating Pa.R.Crim.P. 600 trial counsel is ineffective in failing to raise this issue as a defense.

2.) Petitioner's trial counsel is ineffective by failing to prepare for trial, by counsel's omissions to conduct a pretrial investigation, file any pretrial motions, and present a cogent defense.

3.) Petitioner's Criminal information is defective and invalid, it contains (4) sets of carbon copy offenses with no differentiation between the counts it recites only the generic language of the criminal statute, fails to provide notice, protection from double jeopardy, and petitioners right to a complete defense, as required by the 5th 6th and 14th Amendments of the U.S. Constitution thus denying him a fundamentally fair trial contrary to Russell v. United States

4.) Petitioner's guilty Plea Colloquy was incomplete and in english not Spanish. Counsel told petitioner to just sign it.

5.) Trial Counsel's failure to ascertain Petitioner needed a translator to understand the proceeding, and counsel's failure to object to proceeding without a translator constitutes ineffective Assistance of counsel under the Sixth Amendment of the United States Constitution.

6.) The Sentencing Court failed to merg the offenses that petitioner plead Guilty too, thereby implacating the legality of the Sentence under the merger doctrine.

Appellant's Brief at VI and unnumbered VI(a).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014)

- 3 -

(*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.  ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.  ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within

_____

[1]  The exceptions to the timeliness requirement are:

one year of the date the claim could first have been presented.[2]  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant initially was sentenced on January 24, 2007.  Appellant's judgment of sentence was affirmed on October 24, 2007.  *Commonwealth v. Gonzalez-Dejusus*, 943 A.2d 313, 950 EDA 2007 (Pa. Super. filed October 24, 2007) (unpublished memorandum).  Appellant filed his first PCRA petition on April 24, 2008.  Counsel was appointed, and upon the agreement of the parties, Appellant's direct appeal rights were reinstated *nunc pro tunc*.  Appellant filed a timely

_____

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not alter our analysis.

appeal, and this Court dismissed Appellant's direct appeal on April 20, 2010. *Commonweatlh v. Gonzalez-Dejusus*, 994 A.2d 595, 1204 EDA 2009 (Pa. Super filed April 20, 2010). Appellant did not seek allowance of appeal to our Supreme Court. As such, Appellant's judgment of sentence became final for PCRA purposes on May 20, 2010, when the thirty-day appeal period expired for seeking review with our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 1113(a). Therefore, Appellant had to file the current PCRA petition by May 20, 2011, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until November 1, 2018. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that

one of the exceptions exists. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Four of Appellant's six issues allege ineffective assistance of counsel. Appellant's Brief at VI and unnumbered VI(a). Appellant maintains that trial counsel was ineffective because: 1) counsel did not raise the argument that the Commonwealth failed to bring him to trial within 180 days, thus violating Rule 600; 2) counsel failed to prepare for trial or present a "cogent" defense; 3) counsel failed to ascertain that Appellant needed a translator to understand the proceedings; and 4) counsel failed to procure a Spanish guilty plea colloquy for Appellant to sign. ***Id.*** (Appellant's Issues, 1, 2, 4, and 5).

As the PCRA court explained, however, "[t]he Pennsylvania Supreme Court has repeatedly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition." PCRA Court Opinion, 9/10/19, at 8. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) ("a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.")(citing ***Commonwealth v. Lark***, 746 A.2d 585, 589–590 (Pa. 2000)) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar.). Accordingly, these claims of ineffectiveness do not constitute an exception to the PCRA time bar.

In his third issue, Appellant argues that his criminal information is defective and invalid as it contains four sets of carbon copy offenses, with no differentiation between the counts. Appellant's Brief at 9. He asserts that:

> it recites only the generic language of the Criminal statute, fails to provide notice, protection from double jeopardy, and [Appellant's] right to a complete defense, as required by the 5th, 6th, and 14th Amendments of the U.S. Constitution thus denying him a fundamentally fair trial, contrary to **Russell v. United States**[, 369 U.S. 749 (1962)].

*Id.*

Appellant fails to explain why or how this claim would fall under one of the three exceptions to the PCRA time bar. Moreover, the **Russell** decision discussed the sufficiency of federal indictments and did not create an exception to the Pennsylvania PCRA time-bar. **Russell**, 369 U.S. at 764-772. As such, we cannot agree that Appellant has established an exception to the PCRA time-bar under this theory.

Finally, Appellant argues that "the sentencing court failed to merg[e] the offenses that [he] plead guilty too [sic], thereby implacating [sic] the legality of the sentence under the merger doctrine." Appellant's Brief at unnumbered VI(a). In his brief, Appellant cites "Commonwealth v. Kremer, 1720 WDA 2017 Decided on March 20, 2019"[3] and contends that it set "a new precedent for future PCRA filings of [Appellant]." *Id.* at unnumbered VIII(a).

---

[3] **Commonwealth v. Kremer**, 206 A.3d 543 (Pa. Super. 2019).

Appellant further asserts that **Kremer** "set a new precedent, and now can be a[n] exception." **Id.** at unnumbered VIII(c).

We first note that "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007). Moreover, Appellant's argument that **Kremer** created an exception is baseless, as explained *infra*.

In **Kremer**, the appellant filed a *pro se* pleading that the common pleas court treated as a PCRA petition. **Kremer**, 206 A.3d 545. Counsel was appointed and amended the filing. **Id.** at 546. In preparing its response to the appellant's petition, "the Commonwealth claimed it just discovered that the DOC 'misinterpreted' the January 26, 1995 sentencing order, calculated the sentences concurrently, instead of consecutively, and erroneously allowed [the a]ppellant to be released on parole in 2011." **Id.** Consequently, the Commonwealth filed a "motion to enforce sentencing order," asking "the court to issue an order enforcing its original oral sentence as the court had intended in order to 'correct' [the a]ppellant's sentence structure as a 'clerical error.'" **Id.** The trial court granted the Commonwealth's motion and entered a "corrected" sentencing order that ran the sentences consecutively and provided for an aggregate sentence of twenty-five to seventy years of incarceration. **Id.** at 546. The appellant filed an appeal from the "corrected" sentencing order. **Id.** This Court concluded that the common pleas court

lacked authority to correct the appellant's sentence by "modifying" the 1995 signed, written sentencing order, and issuing the new sentencing order on October 3, 2017. *Id.* at 550. As such, we reversed the October 3, 2017 "corrected" sentencing order and remanded for reinstatement of the original January 26, 1995 judgment of sentence. *Id.*

Thus, the issue and holding in *Kremer* were unrelated to the timeliness of the PCRA petition or to the PCRA petition itself. Contrary to Appellant's assertions, it does not set a "new precedent" and cannot now serve as an "exception." Accordingly, Appellant has failed to establish an exception to the PCRA time-bar on this basis.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/20

- 10 -