J-A07007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
        :          PENNSYLVANIA
        :
    v.        :
        :
        :
LEONARD CHAMBERS        :
        :
    Appellant        :   No. 424 EDA 2021

Appeal from the Judgment of Sentence Entered January 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED SEPTEMBER 27, 2022**

Leonard Chambers appeals from the judgment of sentence entered after his bench trial convictions for theft by deception and three counts of home improvement fraud.[1] He raises claims of double jeopardy and due process violations and alleges two of his convictions should have merged for sentencing purposes. We affirm.

In September 2019, Chambers was charged by criminal complaint with four counts: theft by unlawful taking,[2] theft by deception, theft by receiving stolen property,[3] and home improvement fraud. Home improvement fraud can be committed in several ways, only three of which are relevant here. These

---

[1] 18 Pa.C.S.A. § 3922(a) and 73 P.S. §§ 517.8(a)(1), (a)(2), and (a)(3).

[2] 18 Pa.C.S.A. § 3921(a)(1).

[3] 18 Pa.C.S.A. § 3925(a).

three are, in very general terms, the making of false and misleading statements, the receipt of advance payment without performing, and the misrepresentation or concealment of certain information:

> **(a) Offense defined.**--A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (1) makes a false or misleading statement to induce, encourage or solicit a person to enter into any written or oral agreement for home improvement services or provision of home improvement materials or to justify an increase in the previously agreed upon price;
>
> (2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date; [or]
>
> (3) while soliciting a person to enter into an agreement for home improvement services or materials, misrepresents or conceals the contractor's or salesperson's real name, the name of the contractor's business, the contractor's business address or any other identifying information[.]

73 P.S. §§ 517.8(a)(1), (a)(2), & (a)(3).

The criminal complaint was based on allegations that Chambers fraudulently induced LaShelle Thompson to enter into two separate contracts for home improvement services and to pay Chambers $975 for work he did not perform. Relevant to the charge of home improvement fraud, the complaint asserted that Chambers had committed home improvement fraud

in three ways: by making false and misleading statements, receiving advance payment and failing to perform, and misrepresenting or concealing his real name, the name of his business, or other identifying information. *See* Criminal Complaint, filed 9/13/19, at 2 (unpaginated).

The Commonwealth followed up in December 2019 by filing an information ("Information"), again charging theft by unlawful taking, theft by deception, theft by receiving stolen property, and home improvement fraud. The Information gave the statutory citation for the home improvement fraud count as 73 P.S. § 517.8(a)(1) (making false and misleading statements). However, the Information used language relevant to both that subsection and subsection (a)(2) (receiving advance payment and failing to perform).

The Commonwealth later moved to amend the Information to more explicitly allege violations of subsections (a)(1), (a)(2), and (a)(3). The motion stated, "To the extent the bill of information is unclear, the Commonwealth, consistent with the criminal complaint, moves to correct and/or amend the bill of information to clarify that the defendant is charged with violating 73 P.S. § 517.8(a)(1), (2), and (3)." Motion to Amend/Correct Bills of Information, filed Mar. 16, 2020.

On the day of trial, immediately before the trial started, the Commonwealth obtained a ruling on its motion to amend the Information. Defense counsel said he had "no objection," and the court granted the amendment:

[The Commonwealth]: Your Honor, there is one thing I just want to put on the record, and I just am clarifying that count four is a home improvement fraud, the Commonwealth subsection A.1., the language -- the bill actually refers to subsection one, two and three, we are proceeding under subsection A.1, 2 and three of Title 73 75172.8 [sic], and, in addition, Your Honor, the date of the Bills of Information is April 8th. I also am moving to amend it to April the 6th and 8th?

[Defense counsel]: No objection, Your Honor.

THE COURT: The motion is granted.

N.T., Jan. 27, 2021, at 12.

The court then conducted a stipulated trial. Afterward, the trial court said it was finding "Chambers guilty of theft by deception, false statement to induce home improvement services. As to the remaining charges, the Court finds [Chambers] not guilty." N.T. at 39. Minutes later, however, the court explained its verdict and made findings of fact supporting guilty verdicts for all three of types of home improvement fraud charged:

Mr. Chambers had a written contract with Ms. Thompson to install carpets in multiple rooms for $800 and another for $175. It was a valid contract. Per Ms. Thompson's testimony, the work was to be done within the two to three day period. Which never happened. Ms. Thompson relied on the fact that Mr. Chambers had a valid contracting company and was a bona fide contractor. A Clear Search showed that there was no such business or company registered as Perfect Home Improvement Company which is an indication of intent to engage in a fraud. Also, Ms. Thompson was given a false business address by Mr. Chambers. And the check was cashed by [Chambers] that Ms. Thompson gave to him. [Chambers] did not start the job in a reasonable time. When Ms. Thompson called and texte[d] Mr. Chambers to ask him to do the job, he promised to do it but never followed up. [Chambers] never gave money back to Ms. Thompson in fact he never offered to give money back

- 4 -

which is evidence of intent to commit fraud. There was no proof that Mr. Chambers used any portion of the money that Ms. Thompson gave him to buy supplies, the carpets or materials, and this evidence also shows intent to commit a fraud. After more than two months of inaction on the part of Mr. Chambers, [Ms.] Thompson called the police, at that point an arrest was made.

Based upon the totality of the circumstances, there was more than mere nonperformance indicated to show Mr. Chambers inten[ded] to defraud Ms. Thompson. . . . [Chambers] intentionally withheld Ms. Thompson's money and created a false impression that he intended to install carpets at her house. Simply put, he took Ms. Thompson's money, did not do the job within a reasonable time and repeatedly broke promises to do the job over the course of two months. [Chambers] did not offer to give the complainant her money back, also there was no legitimate excuse for failing to do the job, nor was there any evidence that he had purchased any materials for the job.

*Id.* at 39-41.

The case proceeded immediately to sentencing. When imposing sentence, the court stated the "sentence is going to be 11 and a half to 23 months, to run concurrently on the three charges. A one[-]year probationary tail on the felony charge, consecutive to the jail portion of the sentence." *Id.* at 54-55.

That very day, the court entered a written sentencing order. Although the court had said it was imposing sentence on three charges, the written order was for four charges. It imposed four identical, concurrent sentences of 11½ to 23 months in jail followed by one year of probation. Relevant to this appeal, the headings for the counts listed convictions for theft by deception and all three types of home improvement fraud charged:

- 5 -

- "18 § 3922 §§ A1 - Theft by Decep-False impression"

- "73 § 517.8 §§ A1 – False Stmt to Induce Agreement for Home Improvement Services"

- "73 § 517.8 §§ A2 – Receives Advance Payment For Services and Fails to Perform"

- "73 § 517.8 §§ A3 – Misrepresents or Conceals Contractor Identifying Information"

Order, entered 1/27/21, at 1-2 (unpaginated).

Chambers appealed and raises the following issues:

1. Was not the appellant subjected to a violation of his state and federal rights against double jeopardy when he was informed in open court that he had been convicted of two offenses and promptly received two sentences on those charges, only to learn weeks later that following the adjournment the judge had recorded four guilty verdicts plus sentences on the four verdicts, thereby increasing the punishment he had received?

2. Did not the trial court violate appellant's right to counsel and due process of law by entering additional convictions and sentences on the docket for which he had never been charged in the absence of both the defendant and his attorney?

3. Did not the trial court violate appellant's state and federal rights against double jeopardy by imposing multiple convictions and punishments for his singular culpability of violating the home improvement fraud statute, which by its terms establishes a single offense subject to multiple forms of proof and/or enhancements?

4. Should not the sentence imposed on theft by deception have merged with any sentence imposed on the offense of home improvement fraud enhanced as a felony based on the age of the victim?

Chambers' Br. at 3.

We will address Chambers' first two issues together. Chambers maintains he did not know that he had received four separate sentences until after he filed an appeal and "learned that four separate sentences had been recorded on an expanded docket and on the 'Order of Sentence' prepared in [his] absence following the adjournment of his trial and sentencing hearing." *Id.* at 10. He points out that at trial the court referenced the language of only one subsection of the home improvement fraud statute when stating the verdict and found him not guilty of "the remaining charges." *Id.* He argues the court impermissibly increased the number of convictions and sentences after the trial adjourned, and he had a "legitimate expectation of the finality of his sentence and his verdicts of acquittal and conviction." *Id.* He maintains this was a double jeopardy violation. He further contends the court violated his due process rights by entering verdicts on two counts that had not previously existed.

The trial court explains in its Pa.R.A.P. 1925(a) opinion that it intended what it wrote in the sentencing order, not what it said on the record at trial. It states that its explanation of its verdict "made it abundantly clear that [Chambers] was guilty of § 517.8(a)(1), (2) and (3)." Trial Court Opinion, filed June 25, 2021, at 8.

Chambers' arguments stress the conflict between the court's on-the-record statements about the verdict and sentence with the terms of its sentencing order. When a court's oral statements conflict with a written sentencing order, there is a rebuttable presumption that the written order

controls. *See Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa.Super. 2019).

Chambers highlights the inconsistency between the court's oral statements and the sentencing order. However, he does not attempt to rebut the presumption that the written sentencing order controlled. Moreover, even if we were to examine the court's oral statements alone, we think the record establishes that the court intended to find Chambers guilty of three counts of home improvement fraud, and the court therefore properly sentenced on all three counts.

Chambers' arguments train on the court's announcement of the verdict in isolation. But when we look at that statement in context – taking into account the court's on-the-record findings in support of the verdict within minutes of the disputed statement, and its sentencing order issued that same day – the record paints a different picture. The court's findings follow the relevant statutory language closely and evince an intent to convict under each subsection. The court's findings set forth that the complainant relied on Chambers' purportedly valid contracting company to enter into the contract, which corresponds to subsection (a)(1); that Chambers misrepresented himself as a bona fide company and gave a false business address, which corresponds to subsection (a)(3); and that Chambers cashed the complainant's checks without performing in a reasonable time, which corresponds to subsection (a)(2). As for the sentencing order, the fact that the court issued it shortly after the verdict is strong evidence that the court

meant to find Chambers guilty of all three subsections charged but misspoke on the record. Had the court imposed sentence weeks or months later, we might reach a different conclusion.

Accordingly, this is not a situation where the court altered its verdict after its entry. Rather, when the record is viewed as a whole, it is clear the trial court intended to find Chambers guilty of three subsections of the home improvement fraud statute. Because the court found him guilty of three home improvement fraud counts, in addition to one count of theft by deception, it properly sentenced him for four separate convictions. Chambers' double jeopardy and due process claims lack merit.

In his third issue, Chambers argues that the home improvement fraud statute defines a single offense, and the various subsections represent alternate means of proving the offense or of determining the grading. He contends that the multiple convictions and sentences here violated double jeopardy. He argues the statute stated that a person commits "the offense," in the singular form, and provides alternate methods of proving the commission of that singular offense.

This claim also fails. The case on which Chambers relies – *Commonwealth v. Given*, 244 A.3d 508 (Pa.Super. 2020) – is inapposite. There, we concluded that "a defendant should not be subject to separate sentences for multiple convictions under 75 Pa.C.S.[A.] § 3802(d)(1), where the defendant committed a single act of driving while his blood contained a parent compound and a metabolite of the same controlled substance." *Id.* at

510 (emphasis omitted). We reasoned that a defendant should not be subject to more than one sentence for a single criminal act—driving after using marijuana—that results in multiple convictions under the same subsection of the DUI statute. *Id.*

Here, Chambers' multiple convictions and sentences were based on findings he committed different acts, pursuant to different subsections of the statute. He was convicted of making false and misleading statements, pursuant to subsection (a)(1); receiving advance payment without performing, pursuant to subsection (a)(2); and misrepresenting or concealing certain information, pursuant to subsection (a)(3). The *Given* court's concern about a defendant being subject to multiple convictions based on different forms of proof for a single criminal act does not arise here.

The Commonwealth thus did not use the same proof to establish the convictions under the separate subsections. Rather, each subsection contains different elements and the Commonwealth established guilt of each with different evidence. There was no double jeopardy violation. *See Commonwealth v. Talley*, 236 A.3d 42, 52-54 (Pa.Super. 2020) (holding conviction for stalking under 18 Pa.C.S.A. §§ 2709.1(a)(1)[4] and (a)(2) did not merge for sentencing purposes because they did not arise from a single criminal act and all elements of the subsection are not included in the other),

_____

[4] The stalking statute also uses the singular "the crime" when defining the offense. 18 Pa.C.S.A. § 2709.1(a).

*affirmed*, 265 A.3d 485 (Pa. 2021);[5] ***Commonwealth v. Rhoades***, 8 A.3d 912, 918 (Pa.Super. 2010) (holding because two aggravated assault subsections – 18 Pa.C.S.A. §§ 2702(a)(1) and (a)(4) – contain different elements, it was not error to find that the convictions did not merge for sentencing purposes).

In his fourth issue, Chambers claims the theft by deception conviction should have merged with the home improvement fraud false statement conviction for sentencing purposes. He argues the crimes included the same elements and that theft by deception is a lesser-included offense to the crime of home improvement fraud false statement.

The court convicted Chambers of theft by deception under Subsection 3922(a)(1) of the Crimes Code. Under that subsection, the Commonwealth must prove that the defendant "intentionally obtain[ed] or with[e]ld[] property of another" by "intentionally . . . creat[ing] or reinforc[ing] a false impression, including false impressions as to law, value, intention or other state of mind[.]" 18 Pa.C.S.A. § 3922(a)(1).

The trial court also convicted Chambers of home improvement fraud under Subsection 517.8(a)(1). Under that subsection, the Commonwealth must prove that the defendant, "with intent to defraud or injure anyone," "ma[de] a false or misleading statement to induce, encourage or solicit a

_____

[5] The appellant in the Supreme Court's decision was the defendant, and he did not challenge this court's disposition of his sentencing claim. ***See Talley***, 265 A.3d at 505 n.7.

person to enter into any written or oral agreement for home improvement services[.]" 73 P.S. § 517.8(a)(1).

Merger only occurs if two distinct circumstances are present: 1) the crimes arise from a single criminal act, and 2) all the statutory elements of one of the offenses are included in the statutory elements of the other. 42 Pa.C.S.A. § 9765. When determining whether the crimes arose from a single act, we examine the Commonwealth's charging documents. ***Commonwealth v. Martinez***, 153 A.3d 1025, 1031 (Pa.Super. 2016).

The trial court explained that the Information listed different dates of commission of each crime. The Commonwealth averred that Chambers committed home improvement fraud on April 6 and April 8, 2019, and theft by deception on April 8, 2019. ***See*** Trial Ct. Op. at 10-11; Criminal Information, filed 12/24/19, at 1 (charging Chambers with, *inter alia*, theft by deception "on or about: 04/08/2019"); N.T. at 12 (granting Commonwealth's motion to amend information to reflect commission of home improvement fraud on April 6 and 8, 2019). Thus, the two convictions arise from different criminal acts and do not merge. Moreover, the statutes that define each conviction contain an element that the other lacks. Theft by deception requires that the defendant obtain or withhold the property of another while home improvement fraud has no such requirement. Similarly, home improvement fraud requires misrepresentation to induce the victim to enter a contract for home improvement services while theft by deception includes no such requirement. ***Compare*** 18 Pa.C.S.A. § 3922(a)(1) ***with*** 73 P.S. §

- 12 -

517.8(a)(1). Accordingly, the offenses do not merge for purposes of sentencing.

Because the charges did not arise from a single criminal act and neither offense encompasses all the statutory elements of the other, the trial court properly declined to merge for sentencing purposes Chamber's conviction for theft by deception and home improvement fraud false statement.

Judgment of sentence affirmed.

Judge King joins the memorandum.

Judge Dubow files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022