J-A05005-19

2019 PA Super 84

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BRIAN KREMER :
:
Appellant : No. 1720 WDA 2017

Appeal from the Order October 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007293-1994

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

OPINION BY GANTMAN, P.J.E.: **FILED MARCH 20, 2019**

Appellant, Brian Kremer, appeals from the order entered in the Allegheny County Court of Common Pleas, which purported to "correct" Appellant's original January 26, 1995 judgment of sentence, to clarify the court's intent to run Appellant's sentences consecutively to each other and to any other sentence Appellant had been serving at that time. For the following reasons, we reverse and remand for reinstatement of the original judgment of sentence, as it appears in the January 26, 1995 signed, written sentencing order and interpreted by the Department of Corrections ("DOC").

The relevant facts and procedural history of this case are as follows. On November 29, 1994, Appellant entered an open guilty plea to multiple counts of various sex offenses related to sexual abuse of his stepdaughter. Appellant proceeded to sentencing on January 26, 1995. At the sentencing hearing, the

court orally stated as follows:

> [Appellant], at Criminal Complaint 9407293, at Count 2, involuntary deviate sexual intercourse, I place the costs on Allegheny County, and I order you to serve a term of incarceration of not less than eight years nor more than twenty years **consecutive or following any other sentence that you may now be serving**.
>
> At count 3, rape, I order you to serve a term of not less than six years nor more than twenty years **consecutive or following any other sentence you may now be serving**.
>
> At Count 4, aggravated indecent assault, I order you to serve a term of not less than five years nor more than ten years **consecutive or following any other sentence you may now be serving**.
>
> At Count 7, involuntary deviate sexual intercourse, I order you to serve a term of not less than six nor more than twenty years **consecutive or following any other sentence**.
>
> My sentence is not less than 25 years nor more than 70 years consecutive to any sentence you are now serving.

(N.T. Sentencing, 1/26/95, at 11-12) (emphasis added).

The signed, written sentencing order entered that same day provided: at Count 2: 8 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 3: 6 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 4: 5 to 10 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 7: 6 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; all other counts—NFP (no further penalty). (Signed/Written Sentencing Order,

1/26/95, at 1-2) (emphasis added). The signed, written sentencing order did **not** include any stated aggregate term of imprisonment. (**See id.**) At the time of sentencing in this case, Appellant was already serving sentences at two unrelated docket numbers. The DOC received the signed, written sentencing order and interpreted it to allow Appellant to be released from prison in 2011.

On October 26, 2016, Appellant filed a *pro se* "Motion of Supplemental Relief in Aid of Writ of Execution and Writ of *Habeas Corpus* Relief," challenging his sex offender registration requirements, which were not in effect when Appellant committed his offenses or entered his guilty plea back in 1995. The court treated Appellant's filing as a petition under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546, appointed counsel, and directed counsel to file an amended PCRA petition. Counsel filed an amended petition on April 3, 2017, titled: "Amended Writ of *Habeas Corpus* and Petition to Enforce Plea Agreement," challenging Appellant's registration requirements under the Sexual Offender Registration and Notification Act ("SORNA").

While preparing its response to Appellant's petition, the Commonwealth claimed it just discovered that the DOC "misinterpreted" the January 26, 1995 sentencing order, calculated the sentences concurrently, instead of consecutively, and erroneously allowed Appellant to be released on parole in 2011. Consequently, the Commonwealth filed a "Motion to Enforce Sentencing Order," claiming the sentencing court had unambiguously declared

its sentencing intentions at the sentencing hearing and due to a "misinterpretation" of the court's sentencing order, Appellant was mistakenly ordered to serve only 8 to 20 years' imprisonment, consecutive to the sentences he was already serving at other unrelated dockets on January 26, 1995. The Commonwealth asked the court to issue an order enforcing its original **oral** sentence as the court had intended in order to "correct" Appellant's sentence structure as a "clerical error." (**See** Commonwealth's Motion to Enforce Sentencing Order, filed 9/29/17, at 4-5.)

By order of October 3, 2017, the court effectively granted the Commonwealth's motion and entered a "corrected" sentencing order that stated:

> AND NOW, this 3rd day of October, 2017, upon consideration of the Commonwealth's Motion to Enforce Sentencing Order, it is hereby ORDERED, ADJUDGED, and DECREED that the defendant's sentence structure should be amended so that it complies with this [c]ourt's original order of sentence, as follows:
>
> 2. IDSI−Forcible Compulsion: 8−20 years of incarceration
>
> 3. Rape: 6−20 years of incarceration
>
> 4. Aggravated Indecent Assault: 5−10 years of incarceration
>
> 7. IDSI−Forcible Compulsion: 6−20 years of incarceration.
>
> These sentences shall run consecutively to each other, for a total sentence of 25 to 70 years of incarceration, and consecutive to the sentences that the defendant was already serving at the time of sentencing at CP-02-CR-0004058-

> 1993 and CP-02-CR-0010079-1993. No further penalty is
> ordered at the remaining counts.

(Order of Court, filed October 3, 2017). The court proposed this order was to "clarify" the court's original intent in 1995, to sentence Appellant to consecutive sentences at Counts 2, 3, 4, and 7, for an aggregate sentence of 25 to 70 years of incarceration, to also run consecutive to the sentences Appellant was already serving at unrelated dockets on January 26, 1995.

Following entry of this amended sentencing order, Appellant timely filed post-sentence motions on October 13, 2017, challenging the court's jurisdiction to amend the original sentencing order as well as the exercise of the court's discretion in the resentencing. The court denied Appellant's post-sentence motions on October 17, 2017. Appellant timely filed a notice of appeal on November 15, 2017. On November 17, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises three issues for our review:

> DID THE TRIAL COURT LACK JURISDICTION TO MODIFY
> APPELLANT'S SENTENCE 22 YEARS AFTER THE ORIGINAL
> SENTENCE WAS IMPOSED?
>
> DID THE TRIAL COURT ACT VINDICTIVELY IN MODIFYING
> APPELLANT'S SENTENCE ORDER ONLY AFTER APPELLANT
> HAD FILED A PETITION FOR WRIT OF *HABEAS CORPUS*
> SEEKING TO BE RELIEVED FROM SORNA REGISTRATION
> REQUIREMENTS AFTER THE TRIAL COURT HAD HAD
> PREVIOUS OPPORTUNITIES TO REVIEW THE ORIGINAL
> SENTENCE ORDER?
>
> DID THE TRIAL COURT VIOLATE APPELLANT'S FEDERAL

AND STATE DUE PROCESS RIGHTS, AND DOUBLE JEOPARDY RIGHTS, BY MODIFYING HIS ORIGINAL SENTENCING ORDER IN A MANNER THAT INCREASED HIS PERIOD OF INCARCERATION 22 YEARS AFTER THE ORIGINAL SENTENCE WENT INTO EFFECT AND ALMOST 5 YEARS AFTER APPELLANT HAD BEEN PAROLED ON THE ORIGINAL SENTENCE?

(Appellant's Brief at 4).

Appellant initially argues the court's oral sentence on January 26, 1995, was ambiguous in that the court imposed the sentences at Count 2, 3, and 4 "consecutive or following any other sentence that you may now be serving" but used different language at Count 7, stating the length of sentence at that count was "consecutive or following any other sentence." Appellant insists the court's oral sentence relative to Counts 2, 3, and 4 can be interpreted to mean the sentences on those counts were to be served concurrently but consecutive to the sentences Appellant was already serving on other unrelated docket numbers. Appellant submits the language used to impose sentence at Count 7 can be interpreted to mean that sentence was to be served consecutive to the sentences Appellant was serving at the other docket numbers or consecutive to the sentences imposed at Counts 2, 3, and 4 in this case. Appellant also highlights the court's general statement at the conclusion of the oral sentencing, indicating an aggregate sentence of 25 to 70 years actually conflicts with the court's specific sentences at each count, which created internal confusion about the court's intended sentence in this case.

Unlike the court's oral sentence, however, Appellant insists the signed,

written sentencing order makes clear the sentences at Counts 2, 3, 4, and 7 were to run consecutive only to the sentences Appellant was already serving on the other docket numbers but concurrent in this case. Appellant stresses that former Pennsylvania Rule of Criminal Procedure 1406, in effect at the time of the original 1995 sentence, provided a presumption of concurrent sentences unless the judge expressly stated otherwise. Appellant maintains the oral sentencing was subject to more than one interpretation, internally inconsistent, and ambiguous. Given the passage of two decades during which the DOC's interpretation of the sentence went unchallenged, Appellant suggests the signed, written sentencing order should prevail; and the court lacked authority to modify the signed, written sentencing order as a "clear clerical error." Appellant concludes we should reverse the court's October 3, 2017 order and restore his original signed, written sentencing order to control the terms of his sentence. For the following reasons, we agree with Appellant's contentions.

The question of whether a trial court has the "authority to correct an alleged sentencing error poses a pure question of law." *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa.Super. 2011) (*en banc*), *aff'd*, 622 Pa. 422, 80 A.3d 1219 (2013). "Accordingly, our scope of review is plenary and our standard of review is *de novo*." *Id.*

"Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." *Commonwealth v. Quinlan*,

- 7 -

639 A.2d 1235, 1238 (Pa.Super. 1994), *appeal dismissed as improvidently granted*, 544 Pa. 183, 675 A.2d 711 (1996). **See also** 42 Pa.C.S.A. § 5505 (stating except as otherwise provided or prescribed by law, court upon notice to parties may modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed). Nevertheless, once the thirty-day period expires, the trial court usually loses the power to alter its orders. **Quinlan, supra**. An exception to this general rule exists to correct "clear clerical errors." **Borrin, supra** at 471. "This exception to the general rule of Section 5505 cannot expand to swallow the rule." **Commonwealth v. Holmes**, 593 Pa. 601, 617, 933 A.2d 57, 66 (2007). Thus, the court's inherent authority to correct patent errors is a "limited judicial power." **Id.** at 618, 933 A.2d at 67.

"[A]n alleged error must qualify as a clear clerical error (or a patent and obvious mistake) in order to be amenable to correction." **Borrin, supra** at 473.

> This Court's case law has addressed the situations where…the terms of a defendant's sentence as stated at the sentencing hearing conflict (or are deemed incompatible) with the terms of the defendant's sentence as stated in the sentencing order.
>
> In these circumstances, for a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript. … Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a "clear

clerical error" on the face of the record, and the [signed] sentencing order subject to later correction.

If, on the other hand, a trial court's stated intentions during the sentencing hearing are ambiguous, then the terms of the sentence in the [signed] sentencing order control, and the trial court cannot correct its perceived mistake. *See Commonwealth v. Isabell*, 503 Pa. 2, [12,] 467 A.2d 1287, 129[2] (1983) ([stating:] "Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence"); …. This is because the alleged error in the sentencing transcript is not a "clear clerical error," but rather, is an ambiguity that must be resolved by reference to the written sentencing order.

*Id.* (some internal citations omitted). Stated another way, the signed, written sentencing order controls, where the sentencing transcript is ambiguous; the ambiguity in the transcript must be resolved by reference to the signed, written sentencing order. *Id.* (citing *U.S. v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993)). "The presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged." *Quinlan, supra* at 1240.[1]

If the sentencing transcript supports inconsistent inferences and is open

---

[1] At the original sentencing in 1995, Pennsylvania Rule of Criminal Procedure 1406 was in effect and provided in pertinent part: "**Rule 1406. Imposition of Sentence**: (a)Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise." Pa.R.Crim.P. 1406(a) (effective March 31, 1975). This Rule was amended in 1996, and renumbered as Rule 705, which eliminated the presumption of concurrent sentences and now requires the court to specify if sentences are intended to run concurrently or consecutively. *See* Pa.R.Crim.P. 705(B).

to competing interpretations, it is ambiguous, proves nothing and must yield

to the signed, written sentencing order. **Borrin, supra**.

> Were this Court to hold otherwise, we would permit a trial court to retroactively alter a defendant's sentence to conform to the court's "intentions" when those intentions are not clearly expressed on the record. As noted by our Supreme Court, this is problematic: "[W]e are of the opinion that such alleged inadvertence [concerning a trial court's unexpressed intentions during a sentencing hearing] cannot be tolerated as a matter of public policy. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners." **Commonwealth v. Allen**, 443 Pa. 96, [104-05,] 277 A.2d 803, 807 (1971) (citation and internal quotation marks omitted). Accordingly, we cannot accept the trial judge's proclamation of his own intentions because those intentions were only known to the trial judge himself and do not appear on the face of the sentencing transcript.
>
> \*   \*   \*
>
> Notably, our decision does not render the Commonwealth and/or a trial court unable to rectify perceived discrepancies between the oral sentence and the sentencing order when those discrepancies are ambiguous and do not qualify as a clerical error. For instance, in this case, if the Commonwealth felt that the original sentencing order did not reflect the trial judge's intentions during the sentencing hearing, the Commonwealth could have filed a post-sentence motion to modify the sentence under Pa.R.Crim.P. 720. … In accordance with 42 Pa.C.S.A. § 5505, the trial judge could also have modified the sentencing order, *sua sponte*, within 30 days of its entry so long as an appeal had not been filed. **See** 42 Pa.C.S.A. § 5505[.] … Once the time period for these options elapsed, however, the trial judge could only correct its written sentencing order if the sentencing transcript evidenced a clear clerical error. Because the sentencing transcript in this case failed to display a clear clerical error, this Court is compelled to reverse the trial judge's order.

**Id.** at 475-76 (some internal citations and footnote omitted).

- 10 -

Instantly, during the original sentencing hearing on January 26, 1995, the court orally imposed terms of incarceration at Counts 2, 3, and 4 "consecutive or following any other sentence that you may now be serving." (N.T., 1/26/95, at 11). The court used different language at Count 7, as it imposed the sentence at Count 7 "consecutive or following any other sentence." (*Id.*) At the conclusion of the hearing, the court stated: "My sentence is not less than 25 years nor more than 70 years consecutive to any sentence you are now serving." (*Id.* at 12).

Nevertheless, the signed, written sentencing order entered that same day provided: at Count 2: 8 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 3: 6 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 4: 5 to 10 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; at Count 7: 6 to 20 years' imprisonment "[c]onsecutive to any other sentence the defendant **is now serving**"; all other counts—NFP (no further penalty). (Signed/Written Sentencing Order, 1/26/95, at 1-2) (emphasis added). The signed, written sentencing order did **not** include any stated aggregate term of imprisonment. (*See id.*) At the time of sentencing in this case, Appellant was already serving sentences at two unrelated docket numbers. The DOC received the signed, written sentencing order and interpreted it to allow Appellant to be released from prison in 2011.

Here, the sentencing transcript as a whole was internally inconsistent and did not display a "clear clerical error." The variable use of the concept of "consecutive" sentences gave rise to several opposing inferences which were open to competing interpretations, as evidenced not only on the face of the transcript but also by the signed, written sentencing order. Additionally, the court's general statement at the conclusion of the sentencing transcript, providing a sentence of "not less than 25 years nor more than 70 years consecutive to any sentence you are now serving," directly conflicts with the court's specific sentences at each count. Therefore, the sentencing transcript was ambiguous, proved nothing, and must yield to the signed, written sentencing order. **See Borrin, supra**.

Unlike the sentencing transcript, the signed, written sentencing order makes clear the terms of incarceration were to run "[c]onsecutive to any other sentence the defendant is now serving," which means consecutive only to the sentences Appellant was already serving in 1995, at the unrelated docket numbers. Given the presumption of concurrent sentences under the rule of criminal procedure in effect at the 1995 sentencing, the DOC interpreted the signed, written sentencing order to mean the sentences at the current docket number were to run concurrent to each other. **See** Pa.R.Crim.P. 1406(a). Moreover, the signed, written sentencing order did not incorporate the oral statement of an aggregate sentence that the court made at the sentencing hearing. **See Isabell, supra** at 12, 467 A.2d at 1292 ([stating:] "Generally,

the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence").

Further, no efforts were made to "correct" the sentence until over two decades after its entry, which supports the presumption that the 1995 signed, written sentencing order reflects the sentencing court's intentions. *See Quinlan, supra*. Under these circumstances, therefore, the trial court in the present case lacked any inherent authority to "correct" Appellant's sentence, by "modifying" the 1995 signed, written sentencing order and to issue the new sentencing order on October 3, 2017. *See* 42 Pa.C.S.A. § 5505; *Borrin, supra*; *Quinlan, supra*. Accordingly, we reverse the October 3, 2017 "corrected" sentencing order and remand for reinstatement of the original January 26, 1995 judgment of sentence, as reflected in the court's signed, written sentencing order of that date and as interpreted by the DOC.[2]

Order reversed; case remanded with instructions. Jurisdiction is relinquished.

---

[2] Due to our disposition of issue one, we decline to address Appellant's second and third issues on appeal, referring to allegations of vindictiveness or the denial of due process.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2019