J-S16040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANK BROWN, :
:
Appellant : No. 937 EDA 2019

Appeal from the Judgment of Sentence Entered March 1, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007605-2015

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 29, 2020**

Frank Brown ("Brown") appeals from the judgment of sentence imposed following the revocation of his probation. We vacate and remand for resentencing.

On January 12, 2017, Brown pled guilty to possession with intent to deliver a controlled substance, conspiracy, and possession of an instrument of crime.[1] On the same day, he was sentenced to an aggregate term of 9 to 23 months in prison, followed by two years of probation.

Following his release, Brown was arrested on December 15, 2017, and charged with persons not to possess a firearm (the "Firearm Arrest"). The Commonwealth withdrew the charge in April 2018. The trial court held a probation violation hearing related to the Firearm Arrest on April 26-27, 2018

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903, 907(a).

(the "First Hearing"). At the hearing, the Commonwealth stated that it had withdrawn the firearm charges based on its determination that the predicate for the traffic stop that led to the discovery of the firearm was insufficient. The hearing was continued until the next day, where, after a sidebar discussion, the trial court stated, "[i]nasmuch as the open matter has been withdrawn, we will mark this probation to continue and the detainer will be lifted." N.T., 4/27/18, at 4. The trial court also issued an accompanying Order continuing Brown's probation, and lifting his detainer. Order, 4/27/18.

On September 12, 2018, while he was still on probation, Brown was again arrested and charged with possession with intent to deliver a controlled substance, and other related offenses (the "Drug Arrest"). On November 27, 2018, the Commonwealth withdrew the charges. A probation violation hearing was held on January 4, 2019 (the "Second Hearing"). At the hearing, the trial court reviewed Brown's record and the circumstances underlying the Drug Arrest, and noted that the record listed the Firearm Arrest. The trial court stated that it was unsure of the status of Brown's probation in light of the Firearm Arrest, and continued the hearing in order to gather more information on the circumstances of the Firearm Arrest.

The revocation hearing reconvened on February 15, 2019, during which the Commonwealth presented testimony from the arresting officer regarding the circumstances of the prior Firearm Arrest. Brown objected to the trial court's consideration of the Firearm Arrest, based on the trial court's prior

disposition at the First Hearing to continue Brown's probation, and moved to suppress the evidence of the firearm that police had found in Brown's possession during the Firearm Arrest.

On March 1, 2019, the trial court denied Brown's Motion to suppress the firearm, and found that Brown had violated his probation on the basis of his non-compliance with drug treatment and vocational training, as well as the Firearm Arrest and the Drug Arrest. On the same day, the trial court issued an Order revoking Brown's probation, and sentenced Brown to a term of 2 to 4 years in prison, followed by 3 years of probation. Brown filed a Motion for reconsideration, which the trial court denied. Brown filed a timely Notice of Appeal.[2]

Brown raises the following issues for our review:

1. Did not the trial court lack authority under 42 Pa.C.S.[A.] § 5505 when, after eleven months, it changed [Brown's] April 2018 revocation hearing disposition of probation to imprisonment, following a *Daisey Kates*[3] hearing; and did not the increase in punishment in violation of statutory law violate double jeopardy rights under the Pennsylvania and United States Constitutions?

2. Was not the evidence insufficient as a matter of law to establish a technical violation of probation, based upon [the Firearm Arrest], where the trial court erroneously denied [Brown's] [M]otion to suppress at a *Daisey Kates* hearing related to that arrest?

3. Did not the trial court's revocation hearing on January 4, 2019[,] and resultant sentence imposed on March 1, 2019[,]

---

[2] The trial court did not order Brown to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[3] *See Commonwealth v. Kates*, 305 A.2d 701 (Pa. 1973).

- 3 -

violate [Brown's] state and federal constitutional right to due process[,] as he was not provided adequate written notice that his revocation hearing would be based, in part, upon charges incurred on December 15, 2017[,] and which were *nolle prossed* on April 2018 and disposed of at another revocation hearing on April 27, 2018, as required by **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), and **Morrissey v. Brewer**, 408 U.S. 471, 488-[]89 (1972)?

4. Were not [Brown's] [d]ue [p]rocess rights under the state and federal Constitutions violated during two **Daisey Kates** hearings, inasmuch as the burden for establishing a technical violation of probation at such hearings should be established by clear and convincing evidence, rather than a preponderance of evidence?

5. Did not the trial court err and violate the requirements of 42 Pa.C.S.A. § 9771(c) by sentencing [Brown] to total confinement[,] absent him having been convicted of a new crime, absent any indication that he was likely to commit a new crime, and absent a showing that the sentence was "essential to vindicate the authority of the court"?

6. Did not the [trial] court err as a matter of law and violate the discretionary aspect[s] of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the [trial] court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record[,] and such sentence failed to give individualized consideration to [Brown's] personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community, and [Brown's] rehabilitative needs?

Brief for Appellant at 4-6 (footnote added).

In his first claim, Brown argues that the trial court erred when it changed its disposition of Brown's violation of probation by issuing an Order revoking Brown's probation more than 30 days after it originally had granted Brown's Motion to continue his probation. *Id.* at 21-22. Brown brings to our attention that, despite the trial court originally granting his Motion to continue his probation in April 2018, the trial court proceeded to hold another hearing,

- 4 -

based on the same conduct, in February 2019, and revoked his probation. *Id.* at 21-22. According to Brown, under 42 Pa.C.S.A. § 5505, the trial court lacked the authority to modify an order more than 30 days after its entry. *Id.* at 21.[4]

Our scope of review over a trial court's authority to correct a sentencing error is plenary, and our standard of review is *de novo*. **Commonwealth v. Kremer**, 206 A.3d 543, 547-48 (Pa. Super. 2019). Generally, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. A limited exception to the 30-day rule exists in cases where there exists a "clear clerical error" or a "patent and obvious error" in the trial court's order. **Commonwealth v. Holmes**, 933 A.2d 57, 66 (Pa. 2007); **Kremer**, 206 A.3d at 548. Our Supreme Court has stated that the trial court's inherent authority to correct an error outside of the 30-day period is limited. **Holmes**, 933 A.2d at 67. "[A]n alleged error must qualify as a clear clerical error (or a patent and obvious mistake) in order to be amenable to correction." **Commonwealth v. Borrin**, 12 A.3d 466, 473 (Pa. Super. 2011) (*en banc*), *aff'd*, 80 A.3d 1219 (Pa. 2013). When "a trial court's stated intentions during

---

[4] We note that the Commonwealth, in its brief, agrees with Brown's argument that the trial court improperly modified his sentence under section 5505 when it factored the Firearm Arrest into its sentence. Commonwealth's Brief at 10-12.

the sentencing hearing are ambiguous, then the terms of the sentence in the [signed] sentencing order control, and the trial court cannot correct its perceived mistake." *Id.* (citation omitted).

Here, the trial court held the First Hearing for the purposes of addressing the Firearm Arrest. The trial court ultimately determined that it would grant Brown's Motion to continue his probation in light of the Commonwealth's decision to *nolle prosse* the firearms charges. Several months later, at the Second Hearing, the trial court, after continuing the hearing to learn more information about the Firearm Arrest and over Brown's objection, determined that Brown had violated his probation and imposed a new sentence based, in part, on the Firearm Arrest. *See* N.T., 3/1/19, at 27-28 (wherein the trial court states that Brown violated his probation "after the finding that he was in *possession of a firearm*. … And while on [probation, Brown] sold drugs[,] *carried a firearm* and fled from police.") (emphasis added). The record confirms that the trial court's unambiguous intent at the First Hearing was to continue Brown's probation in light of the Commonwealth's decision not to prosecute the charges arising from the Firearm Arrest. Order, 4/27/18. Moreover, our review of the record reveals no patent and obvious error in the trial court's April 27, 2018 Order to continue Brown's probation in light of the Firearm Arrest. Accordingly, we conclude that the trial court improperly modified Brown's sentence, beyond the 30-day period permitted in section

5505, when it factored the Firearm Arrest into its imposition of sentence following the Second Hearing.[5] **Borrin**, **supra**.

Because the record demonstrates that the trial court incorporated the Firearm Arrest into the sentencing scheme imposed at the Second Hearing, Brown's sentence is illegal and must be vacated. Accordingly, we vacate the judgment of sentence in its totality and remand for resentencing, without consideration of the Firearm Arrest.

Judgment of sentence vacated; case remanded for resentencing with instructions. The Prothonotary is directed to remand the certified record to the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/20

---

[5] Due to our disposition of Brown's first issue, we decline to address Brown's remaining issues on appeal.