J-S44041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
                              :
CHAD EVERETTE OBERDORF        :
                              :
        Appellant             :  No. 874 MDA 2022

Appeal from the Judgment of Sentence Entered June 10, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000320-2020

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        **FILED: FEBRUARY 2, 2023**

Chad Everette Oberdorf (Oberdorf) appeals from the judgment of

sentence imposed by the Court of Common Pleas of Snyder County (trial

court) after revoking his probation.  On appeal, he challenges the sufficiency

of the evidence for the trial court's finding that he constructively possessed a

firearm found in the bedroom closet of his fiancé's home.  We affirm.

In October 2020, Oberdorf pleaded guilty in two separate cases to

unauthorized use of a motor vehicle and driving under the influence of a

controlled substance (DUI).[1]  The trial court sentenced him to five years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3928(a) and 75 Pa.C.S. § 3802(d)(1)(iii).  At Docket No. CP-
55-CR-0000320-2020 (this case), Oberdorf pleaded guilty to DUI.  At Docket

probation and admitted him into the DUI court program.[2]  Within a year, Oberdorf was removed from the program for committing various violations. Rather than revoke his probation, though, the trial court modified his supervision by requiring him to complete any treatment programs recommended by the Veteran's Administration.

In the following months, Oberdorf continued to commit violations, first by testing positive for methamphetamine and amphetamine, then by driving under suspension.  After the latter, on January 20, 2022, probation officers went to the home of Oberdorf's fiancé, Marsha Brubaker (Brubaker), which is where he lived.  Upon arriving and detaining Oberdorf, the officers spoke to Brubaker.  She admitted that there were at least three firearms in the home at the time, including a rifle in the closet of the bedroom that she shared with Oberdorf.  Based on this, the officers entered the home and found the firearms.  After doing so, the probation department moved to revoke Oberdorf's probation for, among other reasons, possessing a firearm.

At the subsequent revocation hearing, Oberdorf admitted using drugs and driving under suspension but disputed knowing about the firearms in the

---

No. CP-55-CR-0000004-2020, he pleaded guilty to unauthorized use of a motor vehicle.  That case is also on appeal to this Court at 873 MDA 2022.

[2] For reasons unclear, Oberdorf was sentenced only on the DUI case.  The trial court did not sentence on his unauthorized use conviction until April 2021, at which time it sentenced him to a concurrent two years' probation.

home. As a result, for the alleged firearms violations, the Commonwealth had to prove that he constructively possessed the firearms found in Brubaker's home. To that end, concerning the rifle found in the closet, Oberdorf stipulated that he shared the closet with Brubaker. N.T., 5/27/22, at 11-12. However, when the Commonwealth proffered that only mens' clothing was found in the closet, Oberdorf claimed that some of the clothes found in the closet also belonged to Brubaker. *Id*. at 12-13.

To support this claim, Oberdorf called Brubaker as a witness. She testified that all the firearms found in her home were registered to her and had been in the home since she moved there in October 2016. *Id*. at 16. She also denied ever telling Oberdorf about the firearms since he moved in with her in January 2020. *Id*. at 17, 21. She admitted, however, that she did not tell him about firearms because she knew he could not possess them under his probation. *Id*. at 24. When asked about the bedroom closet, Brubaker testified that the rifle was leaning on the inside of the closet and would not have been visible to someone unless the person looked inside to see it. *Id*. at 19. She admitted that the rifle was not in a case but claimed that her hunting clothes were covering the rifle. *Id*. at 19. She conceded, however, that Oberdorf also used the closet. *Id*. at 18-19.

After deferring its decision, the trial court held another hearing on June 10, 2022. At that hearing, the trial court explained that it found sufficient evidence that Brubaker constructively possessed the rifle in the bedroom

closet. The trial court recognized that Brubaker testified that she kept some of her hunting clothes in that closet. N.T., 6/10/22, at 4. Nevertheless, that was all she said about the closet's contents, as the rest of the clothing in the closet belonged to Oberdorf. *Id*. The trial court also stated that it found it "incredible to believe that [Oberdorf] would not have known a long rifle was propped in the corner of his closet." *Id*. at 5. The trial court found that Oberdorf violated his probation and re-sentenced him to an aggregate two to seven years' imprisonment.[3] After sentencing, Oberdorf filed post-sentence motions and notices of appeal in both cases.[4] The trial court denied the post-sentence motions and directed him to file a statement of errors complained of on appeal, which he did.

_____

[3] Oberdorf was sentenced to 18 to 60 months' imprisonment on the DUI case (CR-320-2020) and 6 to 24 months on the unauthorized use case (CR-04-2020).

[4] The trial court entered an amended sentencing order dated June 10, 2002, that was not docketed until June 17, 2022. Under 42 Pa.C.S. § 5505, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505; *Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa. Super. 2019) ("An exception to the general rule exists to correct clear clerical errors.") (citation omitted). In cases where the trial court amends the judgment of sentence during the period it maintains jurisdiction under 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence. *Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010). Under Pa.R.A.P. 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Thus, this appeal is properly from the amended judgment of sentence dated June 10, 2022.

On appeal, while his statement of issues involved lists two issues, Oberdorf essentially raises a single sufficiency claim challenging the trial court's determination that he constructively possessed the rifle found in the bedroom closet.

When considering an appeal from the revocation of probation,

> our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and the court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

**Commonwealth v. Perreault**, 930 A.2d 553, 557-58 (Pa. Super. 2007) (citations and internal quotations omitted).

Because Oberdorf's challenge is essentially one to the sufficiency of the evidence for his probation violation, our review centers on whether the trial court abused its discretion in finding that he possessed the rifle found in the closet. Possession can be established "by proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). "Constructive possession is an inference arising from a set of facts that

possession of the contraband was more likely than not." ***Commonwealth v.***

***McClellan***, 178 A.3d 874, 878 (Pa. Super. 2018) (citation omitted).

This Court has explained:

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36-37 (citations omitted and formatting altered).

Constructive possession may also be found in one or more actors when the item in issue is in an area of joint control and equal access. ***See***

***Commonwealth v. Macolino***, 469 A.2d 132, 136 (Pa. 1983) (finding sufficient evidence that husband constructively possessed cocaine found in bedroom closet to which both he and his wife had equal access); ***Commonwealth v. Walker***, 874 A.2d 667, 678 (Pa. Super. 2005) (finding sufficient evidence defendant constructively possessed drugs and guns found in basement of home in which he was living even though two other people lived in the home and would have had equal access).

Oberdorf argues that there was no evidence at the revocation hearing that he knew about the rifle in the closet. In fact, he contends, Brubaker's uncontradicted testimony was that he did not know about the firearms because she never told him about them being in the home. Focusing on the closet, he emphasizes that Brubaker claimed that the rifle was covered by her hunting clothing, thus leading to the putative inference that he never saw the rifle in the closet even though he kept his clothes in it.

The problem with this argument, though, is that it ignores that the Commonwealth needed only to show that Oberdorf shared the bedroom closet with his fiancé and had equal access to it. On this point, Oberdorf stipulated that he shared the bedroom with Brubaker and that the closet contained his clothing. N.T., 5/27/22, at 12-13. Brubaker also confirmed this in her own testimony, admitting that "[t]he closet was used by [Oberdorf]." *Id*. at 18. Based on this evidence, the trial court was free to conclude that Oberdorf constructively possessed the firearm over an area of the dwelling over which he had equal access.

Indeed, as the trial court cogently explained at the second hearing, it would be incredible to conclude that Oberdorf would not have been aware of a rifle propped up in his bedroom closet in which he kept his clothes for such a long period of time. As our review of the transcript shows, there was enough evidence for the trial court to reach this conclusion rather than credit, as Oberdorf seems to think it should have, Brubaker's testimony that he did not

know about the rifle because she never told him about it. Again, the Commonwealth needed only to show that he had equal access to the closet, and Brubaker herself admitted that Oberdorf did, in fact, have equal access.

Thus, under the totality of the circumstances, not to mention the Commonwealth's lowered burden and our restricted standard of review of a revocation, we find no basis to disturb the trial court's discretion in finding that Oberdorf constructively possessed the rifle found in his bedroom closet. *See Macolino*, *supra*; *Walker*, *supra*.

Judgment of sentence affirmed.

President Judge Panella joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/02/2023