J-S03039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW D. DUFFY | : | |
| | : | |
| Appellant | : | No. 894 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 3, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000467-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW D. DUFFY | : | |
| | : | |
| Appellant | : | No. 895 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 3, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000572-2022

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:  **FILED FEBRUARY 28, 2024**

Matthew D. Duffy ("Duffy") appeals from the judgments of sentence imposed by the Court of Common Pleas of Lackawanna County ("trial court") following his guilty plea to receiving stolen property and simple assault.[1]  On appeal, Duffy challenges the amounts of his restitution payments and the

---

[1]  18 Pa.C.S. §§ 3925(a), 2701(a)(1).

absence of credit on his sentence for time he spent in court-ordered inpatient rehabilitation. Because the written sentencing orders conflict with the trial court's statements at sentencing, and both the trial court and the Commonwealth agree that Duffy is entitled to relief, we vacate his judgments of sentence and remand this matter to the trial court with instructions.

The record reflects the following pertinent factual and procedural histories. The charges at docket CP-35-CR-0000467-2022 arose on August 4, 2021, when Duffy and another individual burglarized the home of Patricia Laboranti ("Laboranti") and stole jewelry and other items valued at $5,589.00. The charges at docket CP-35-CR-0000572-2022 arose on March 25, 2022, when Duffy punched and choked Gloria Potoski. On December 13, 2022, Duffy pled guilty to one count of receiving stolen property at docket CP-35-CR-0000467-2022 (hereinafter referred to as the "Burglary") and one count of simple assault at docket CP-35-CR-0000572-2022 (hereinafter referred to as the "Assault"). In exchange for his guilty plea, the Commonwealth agreed to nolle pros Duffy's remaining charges.

On May 3, 2023, the trial court orally sentenced Duffy on the record to six to twelve months of incarceration for the Burglary plus $2,794.50 in restitution – half the value of the items taken from Laboranti's home[2] – and one to two years of incarceration for Assault plus $669.00 in restitution. **See**

---

[2] Duffy's accomplice was responsible for the remaining value of the stolen property. **See** N.T., 5/3/2023, at 13-14.

N.T., 5/3/2023, at 13-14. The trial court also stated that it would credit Duffy for time he served in prison and in court-ordered inpatient rehabilitation prior to sentencing. *See id.* at 14.

The written sentencing orders, however, do not match the trial court's oral orders dictated on the record. Regarding the Burglary, the written order states that he owes $669.00 in restitution rather than the $2,794.50 the trial court stated at sentencing. *Compare* Burglary Sentencing Order, 5/3/2023, *with* N.T., 5/3/2023, at 13-14. The sentencing order for the Assault conviction states that he owes $5,589.00 instead of the $669.00 verbally ordered by the trial court stated at the sentencing hearing. *Compare* Assault Sentencing Order, 5/3/2023, *with* N.T., 5/3/2023, at 13. The written orders also did not credit Duffy for time he spent in court-ordered inpatient rehabilitation prior to sentencing. *See generally* Burglary Sentencing Order, 5/3/2023; Assault Sentencing Order, 5/3/2023.

On May 12, 2023, Duffy filed a motion for reconsideration of his sentence. In this motion, however, Duffy did not raise any of these errors with the trial court. *See* Motion for Reconsideration of Sentence, 5/12/2023, at 1-2. The trial court denied Duffy's motion on May 22, 2023.

On June 20, 2023, Duffy timely appealed both orders to this Court.[3] Both the trial court and Duffy have complied with Pennsylvania Rule of

---

[3] On November 20, 2023, this Court sua sponte consolidated Duffy's appeals.

Appellate Procedure 1925, and Duffy now presents the following issues for our review:

1. Whether the trial court abused its discretion when it determined that [Duffy] was responsible for paying only half of the $5,589.00 in restitution, but then issued a sentencing order requiring [him] to pay the full $5,589.00 in restitution?

2. Whether the trial court abused its discretion when it ordered [Duffy] to pay restitution in the amount of $ 5,589.00 related to the simple assault conviction and restitution in the amount of $669.00 for the receiving stolen property conviction when these restitution amounts were contrary to the record and what the trial court stated at the sentencing hearing?

3. Whether the trial court imposed an illegal sentence when it failed to give [Duffy] credit for court[-]ordered inpatient treatment?

Duffy's Brief at 3.

Duffy's first two issues both claim error based upon the discrepancies between the trial court's statements at sentencing and the written sentencing orders outlined above. *See id.* at 12-16, 17-19. Neither the trial court nor the Commonwealth dispute that Duffy is entitled to relief. *See* Trial Court Opinion, 8/23/2023, at 4-5; Commonwealth's Brief at 5-6. As the applicable legal principles are the same for both issues, we address them together.

Our Supreme Court has stated that issues relating to errors in a sentencing order raise a question of law. *Commonwealth v. Borrin*, 80 A.3d 1219, 1225 (Pa. 2013). "[T]hus, our scope of review is plenary, and our standard of review is de novo." *Id.*

The law bestows upon a trial court the power to modify a criminal sentence within thirty days of the entry of the order unless a party has appealed that order. 42 Pa.C.S. § 5505; *Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa. Super. 2019). After thirty days, the trial court generally loses the ability to amend a sentencing order other than "clear clerical errors." *Kremer*, 206 A.3d at 548. A trial court may correct clear clerical errors at any time, even a matter pending on appeal. *See Commonwealth v. Holmes*, 933 A.2d 57, 65-67 (Pa. 2007) (holding that the divestiture of jurisdiction does "not impinge on [the] time-honored inherent power of courts" to "correct patent errors").

The errors complained of here are clear clerical errors. There is no question that at Duffy's sentencing hearing, the trial court directed him to pay $2,794.50 (i.e., half the value of the property Duffy and his accomplice took from Laboranti's home) in restitution for the Burglary and $669.00 for the Assault. N.T., 5/3/2023, at 2, 13-14. The written order transposed the numbers stated on the record, resulting in an incorrect amount of restitution being assigned to the wrong conviction. Duffy, the Commonwealth, and the trial court all agree. Trial Court Opinion, 8/23/2023, at 4-5; Duffy's Brief at 12-19; Commonwealth's Brief at 5-6. As the law permits the trial court to correct such errors in its sentencing orders, we vacate the May 3, 2023 orders and remand for their correction and reentry.

For his third issue, Duffy argues that the written sentencing orders erroneously fail to give him credit for time served in court-ordered inpatient rehabilitation prior to sentencing, rendering his sentence illegal. Duffy's Brief at 19-22. Once again, both the trial court and the Commonwealth agree that he is entitled to relief. *See* Trial Court Opinion, 8/23/2023, at 6; Commonwealth's Brief at 5-6.

A claim based on a trial court's failure to give full credit for time served is a challenge implicating the legality of a sentence. ***Commonwealth v. Lee***, 182 A.3d 481, 483 (Pa. Super. 2018).[4] Our scope of review is plenary and our standard of review is limited to determining whether the trial court committed an error of law. ***Id.*** at 484.

The Sentencing Code requires a defendant to receive credit for all time spent in custody for a particular crime:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

---

[4] Generally, an issue raised on appeal is waived unless the appellant raised and preserved the claim in the trial court. Pa.R.A.P. 302(a). "A challenge that implicates the legality of an appellant's sentence, however, is an exception to this issue preservation requirement," and we may decide the claim regardless of preservation. ***Commonwealth v. Thorne***, 276 A.3d 1192, 1196 (Pa. 2022) (citation omitted).

42 Pa.C.S. § 9760(1); *see also Commonwealth v. Shull*, 148 A.3d 820, 847 (Pa. Super. 2016) ("The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense."). This includes time spent in court-ordered rehabilitation. *Shull*, 148 A.3d at 848.

The record reflects that prior to sentencing, Duffy spent time in court-ordered inpatient rehabilitation. *See* N.T., 5/3/2023, at 14. The trial court recognized this at sentencing and expressly stated that it would give him credit for time served in court-ordered inpatient rehabilitation, but the sentencing orders are silent on this issue. *Compare id.*, *with* Burglary Sentencing Order, 5/3/2023 & Assault Sentencing Order, 5/3/2023. We therefore conclude that he is entitled to relief on this basis as well. *See Shull*, 148 A.3d at 847-48.

Accordingly, we vacate Duffy's judgments of sentence for the Burglary and the Assault. We remand the case to the trial court for correction of the identified errors and reentry of the sentencing orders.

Judgments of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/28/2024