J-S29045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
:
JOHN ALLEN LEASA :
:
Appellant : No. 309 WDA 2024

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005170-2023

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: October 22, 2025**

Appellant, John Allen Leasa, appeals *nunc pro tunc* from the judgment

of sentence imposed after he was convicted, following a non-jury trial, of flight

to avoid apprehension (18 Pa.C.S. § 5126(a)), evading arrest (18 Pa.C.S.

§ 5104.2(a)), recklessly endangering another person (18 Pa.C.S. § 2705),

false identification to law enforcement (18 Pa.C.S. § 4914(a)), and escape (18

Pa.C.S. § 5121(a)). On appeal, Appellant challenges the sufficiency of the

evidence to sustain his false identification conviction, as well as the legality of

his sentence for flight to avoid apprehension. After careful review, we affirm

Appellant's conviction, but vacate his judgment of sentence and remand for

resentencing.

The trial court summarized the facts of Appellant's case, as follows:

On June 6, 2023[,] at approximately 2:50 a.m., Sergeant John
Hass of the Jefferson Hills Police Department conducted a traffic
stop of a blue GMC Canyon truck on State Route 51. There were

three occupants in the vehicle. Sergeant Haas approached the truck from the passenger side of the vehicle. At the time of the stop, [Appellant] occupied the front passenger seat. [Appellant] identified himself as Duane Istik. Sergeant Haas asked [Appellant] for his social security number[,] but [Appellant] was unable to provide it. Sergeant Haas instructed the occupants to exit the vehicle. While the occupants were standing toward the front of Sergeant Haas'[s] patrol car, Sergeant Haas informed [Appellant] that he was under official police investigation. [Appellant] again maintained that he was Duane Istik. Sergeant Hass and Office[r] Nicole Honick, who was also at the scene, ran a computer check for Duane Istik. The photograph of Duane Istik from the [Pennsylvania Department of Transportation's (PennDOT)] database did not match [Appellant's] appearance. The officers then attempted to use a fingerprint scanner to identify [Appellant]. As Sergeant Haas bent over his passenger door of his patrol car to use the fingerprint scanner, [Appellant] fled the scene on foot. Sergeant Haas chased [Appellant] along State Route 51 while vehicles were travelling that roadway. Sergeant Haas eventually caught [Appellant] after [Appellant] appeared to give up the chase. [Appellant] was held at gunpoint and taken into custody. [Appellant] informed the officers that there was an outstanding arrest [warrant] for him in Washington County. [Appellant] did provide his correct identity after he was placed in custody. Body camera footage was also admitted at trial that confirmed Sergeant Haas'[s] version of the events.

Trial Court Opinion (TCO), 11/6/24, at 2-3.

Appellant was charged with the above-stated offenses, as well as with a second count of recklessly endangering another person pertaining to Officer Honick. He proceeded to a non-jury trial on December 13, 2023, before the Honorable Anthony M. Mariani. At the close of trial, Judge Mariani found Appellant not guilty of recklessly endangering Officer Honick, but convicted Appellant of the other offenses with which he was charged.

On January 4, 2024, Appellant's sentencing hearing was conducted. Judge Mariani sentenced Appellant to an aggregate term of 24 to 48 months'

incarceration, followed by one year probation. Specifically, the judge imposed a term of 12 to 24 months' incarceration for Appellant's conviction of escape, and a consecutive term of 12 to 24 months' incarceration for his conviction of flight to avoid apprehension. Judge Mariani sentenced Appellant to a consecutive term of one-year probation for his evading arrest offense. *See* N.T. Sentencing, 1/4/24, at 18-19. However, in Judge Mariani's written sentencing order, he stated that Appellant's sentence for flight to avoid apprehension was 12 months and 30 days' incarceration to 24 months and 30 days' incarceration.

Appellant did not file a timely post-sentence motion, but subsequently sought, and was granted, permission to file a post-sentence motion *nunc pro tunc*. He filed that post-sentence motion, which was denied on January 30, 2024. Appellant did not file a timely notice of appeal. However, he filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his right do so *nunc pro tunc*. Judge Mariani granted that petition, and Appellant timely filed a *nunc pro tunc* notice of appeal. On March 19, 2024, Judge Mariani ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After Judge Mariani granted Appellant's request for an extension of time to file his concise statement, he timely did so on June 19, 2024. Judge Mariani thereafter retired, and this case was reassigned to the Honorable Jennifer M. Satler, who filed a Rule 1925(a) opinion on November 6, 2024.

We now review the following two issues that Appellant raises on appeal, which we reorder for ease of disposition:

I.     Whether the evidence was insufficient to convict [Appellant] of false identification to law enforcement because the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] provided false information after Sergeant Haas informed him [that] he was under official investigation?

II.    Whether the trial court imposed an illegal sentence when it sentenced [Appellant] to 12 months and 30 days – 24 months and 30 days' incarceration in violation of 42 Pa.C.S.[] § 9756(b)?

Appellant's Brief at 5 (unnecessary capitalization and emphasis omitted).

First, Appellant challenges the sufficiency of the evidence to sustain his conviction for false identification. We begin by observing that,

[w]hether the evidence was sufficient to sustain the charge presents a question of law. Our standard of review is *de novo*, and our scope of review is plenary. In conducting our inquiry, we examine[,]

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021) (cleaned up).

The offense of false identification is defined as follows:

**(a) Offense defined.--**A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S. § 4914(a).

Our Supreme Court has characterized the language of section 4914 as "clear and free from ambiguity." *In re D.S.*, 39 A.3d 968, 974 (Pa. 2012). The Court has also explained that,

[u]nder the plain language of the statute, three conditions must be satisfied before an individual will be found to have violated the statute by providing false information about his identity. First, if the law enforcement officer is not in uniform, the officer must identify himself as a law enforcement officer. Second, the individual must be informed by the law enforcement officer that he is the subject of an official investigation of a violation of law. Third, the individual must have furnished law enforcement authorities with false information after being informed by the law enforcement officer that he was the subject of an official investigation of a violation of law.

*Id.*

Instantly, Appellant argues that the evidence failed to prove the third prong of this test, or that he provided Sergeant Haas with false information *after* being notified that he was the subject of an official investigation. Appellant contends that he provided the name "Duane Istik" at the start of Sergeant Haas's traffic stop, and the Commonwealth failed to present any

evidence that he "provided any false information once Sergeant Haas ordered all passengers out of the car and told them they were under official investigation." Appellant's Brief at 21. Appellant challenges the trial court's opposite conclusion, arguing that,

> [i]n its 1925(a) opinion, the trial court maintained that "[w]hile the occupants were standing toward the front of S[e]rgeant Haas'[s] patrol car, S[e]rgeant Haas informed [Appellant] that he was under official police investigation. [Appellant] again maintained that he was Duane Istik." (TCO at 2). Respectfully, the trial court's recitation of the events is incorrect. Sergeant Haas testified that once he informed [Appellant], and the rest of the occupants, that he was under official investigation, he then asked [Appellant] to submit to a fingerprint scan. ([N.T. Trial, 12/13/23,] at 26).
>
> The trial court then stated that once Sergeant Haas informed [Appellant] that he was under official investigation, "Sergeant Haas specifically testified that [Appellant] maintained that he was Duane Istik after [Appellant] was warned that he was under official police investigation." (TCO at 4). However, the record does not support the trial court's interpretation of Sergeant Haas'[s] testimony. Sergeant Haas informed [Appellant] that he was under official investigation, asked if [Appellant] understood what he was saying, then immediately asked [Appellant] to submit a fingerprint scan. ([N.T. Trial] at 26). At no point did Sergeant Haas testify that he re-asked [Appellant's] name or for any other identifying information. (**Id.**).

Appellant's Brief at 21 (unnecessary capitalization omitted).

Appellant's argument is unconvincing, as he improperly views the evidence in the light most favorable **to him**, rather than to **the Commonwealth** as the verdict-winner. **See Rojas-Rolon**, 256 A.3d at 436. In the cross-examination testimony repeatedly cited by Appellant to support his argument, Sergeant Haas testified as follows:

[Defense Counsel:] After you informed [Appellant] that he was under official police investigation, you then asked him to submit to a fingerprint scan? Is that correct?

[Sergeant Haas:] Yes. And I asked him if he understood what I had told him, but yes.

N.T. Trial at 26.

From this brief exchange, Appellant argues that the trial court misconstrued the record in its Rule 1925(a) opinion by claiming that Sergeant Haas testified that Appellant maintained he was Duane Istik after Sergeant Haas told him he was under official investigation. We disagree with Appellant, as he patently ignores that on direct examination, Sergeant Haas explained that, after Appellant was removed from his vehicle, the following occurred:

[Officer Haas:] … I had provided him his warnings that **he was under official police investigation** due to the open container that we weren't able to identify who it belonged to and that's why I was trying to identify him. Based on the information he had provided me and the PennDOT picture I viewed from the information he provided me, I believed he was providing a false identification at that point, **and he maintained that that was still his identity, Duane Istik**.

*Id.* at 13 (emphasis added).

We conclude that this testimony not only supports the trial court's factual recitation in its opinion, but it also constitutes sufficient evidence for the jury to conclude that Appellant provided false information about his identity to Sergeant Haas **after** being informed that he was the subject of an official investigation. Clearly, the sergeant notified Appellant that he was under official investigation, and then told Appellant that he believed Appellant had provided a false name to the sergeant because the photograph of Duane

Istik in PennDOT's database did not resemble Appellant. According to Sergeant Haas's testimony, Appellant did not at that point clarify his real identity, but instead he "maintained" that his identity was Duane Istik. Although the sergeant did not testify that Appellant verbally repeated, "I am Duane Istik," the sergeant's testimony that Appellant "maintained" that his identity was Duane Istik is sufficient to prove that Appellant provided false information to the sergeant after being notified that he was under official investigation.

Moreover, the portion of Sergeant Haas's cross-examination cited by Appellant herein does not contradict the sergeant's testimony that Appellant persisted in providing a false identity after being told he was under official investigation. Defense counsel did not question Sergeant Haas about what he said to Appellant, or what Appellant said to him, between the sergeant's notifying Appellant that he was under investigation and the sergeant's request that Appellant submit to a fingerprint scan. Defense counsel simply asked if a fingerprint scan was requested after Appellant was notified that he was under investigation, and the sergeant correctly stated that it was. Appellant now asks us to ignore Sergeant Haas's direct-examination testimony about what occurred between his notifying Appellant that he was under investigation, and the request for a fingerprint scan, simply because the sergeant did not reiterate those details on cross-examination, when he was not even asked to do so. This request is illogical, and Appellant's sufficiency argument is meritless. No relief is due.

Next, Appellant challenges the legality of his sentence. Specifically, he argues that his sentence for flight to avoid apprehension is illegal, as the written sentencing order states a minimum of 12 months and 30 days' incarceration, which is greater than one-half of the maximum sentence of 24 months and 30 days' incarceration, in violation of 42 Pa.C.S. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."). *See* Appellant's Brief at 15 (citing ***Commonwealth v. Kremer***, 206 A.3d 543, 548 (Pa. Super. 2019) ("Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence[.]") (quoting ***Commonwealth v. Isabell***, 467 A.2d 1287, 1292 (Pa. 1983)).

Notably, the trial court and the Commonwealth both agree that Appellant's sentence is illegal. *See* TCO at 3; Commonwealth's Brief at 10. Moreover, both Appellant and the Commonwealth concur that the sentence should be vacated in its entirety and remanded for the court to restructure the entire sentencing scheme. *See* Appellant's Brief at 16; Commonwealth's Brief at 10. Given the parties' agreement, and because the discrepancy in the court's oral and written sentences makes the court's original sentencing scheme unclear, we conclude that it is appropriate to vacate Appellant's judgment of sentence in its entirety and remand for resentencing on all counts.

Judgment of sentence vacated.   Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/22/2025