J-S29038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL TERELL AUTREY | : | |
| | : | |
| Appellant | : | No. 397 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001919-2021

BEFORE:  MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: OCTOBER 13, 2023**

Appellant, Michael Terell Autrey, appeals from the judgment of sentence imposed following his conviction of possession of a firearm by a prohibited person.[1]  With this appeal, Appellant's counsel, Donna M. De Vita, Esquire ("Counsel"), has filed a petition to withdraw as counsel and an **_Anders_** brief.[2] Upon review, we affirm Appellant's judgment of sentence as we conclude that there are no non-frivolous issues present in this appeal, but we deny Counsel's petition to withdraw and remand this case to allow the trial court to correct a clear clerical error in the sentencing order.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

[2] **_See Anders v. California_**, 386 U.S. 738 (1967).

Appellant was arrested on September 24, 2021, following a traffic stop in which officers discovered an unloaded Taurus 9-millimeter handgun in his vehicle. He was charged with the above-stated firearms offense, as well as possession of a firearm in a vehicle or concealed without a license, possession of a small amount of marijuana, and possession of drug paraphernalia.[3] On November 29, 2022, Appellant entered a guilty plea to possession of a firearm by a prohibited person; in exchange for the plea, the Commonwealth nolle prossed the remaining charges. On February 1, 2023, the trial court sentenced Appellant to a term of imprisonment of 5 to 10 years.

Appellant did not file a timely post-sentence motion. However, on March 2, 2023, he filed a timely *pro se* notice of appeal in which he indicated that he sought to appeal his "excessive sentence." Notice of Appeal, dated 2/25/23. Appellant also requested that the attorney who represented him through his plea and sentencing be removed, and the trial court appointed Counsel to represent him on March 17, 2023. ***Id.***; Order, 3/17/23.[4]

In her ***Anders*** brief, Counsel identifies the following issues:

A. Whether the sentence imposed was harsh and excessive.

B. Whether the trial court failed to state on the record the reasons for the sentence imposed as required by Pa.R.Crim.P. 708(D)(2).

---

[3] 18 Pa.C.S. § 6106(a)(1), 35 P.S. § 780-113(a)(31), and 35 P.S. § 780-113(a)(32), respectively.

[4] Appellant, through Counsel, filed a Pa.R.A.P. 1925(b) concise statement on April 10, 2023, raising the issues discussed in Counsel's ***Anders*** brief. The trial court filed its Pa.R.A.P. 1925(a) opinion on April 21, 2023.

*Anders* Brief at 4 (unnecessary capitalization and emphasis omitted).

Before this Court can consider the merits of this appeal, we must first determine whether Counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must: (1) petition the court for leave to withdraw stating that she has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and raise any additional points that he deems worthy of this Court's attention. *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016); *Goodwin*, 928 A.2d at 290.

An *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009) (line breaks added). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Bynum-Hamilton**, 135 A.3d at 184.

In the petition to withdraw, Counsel indicated that she had engaged in a thorough review of the record and determined that there are no non-frivolous grounds for the appeal. Counsel sent a letter to Appellant advising him of his right to retain new counsel or proceed *pro se* and raise any additional points he deems worthy of this Court's attention,[5] and Counsel included with the letter a copy of the petition to withdraw and **Anders** brief. Counsel's **Anders** brief includes a summary of the relevant procedural and factual background to this case and discusses the reasons upon which Counsel bases her conclusion that the appeal is frivolous, with citation to applicable law. Therefore, we conclude that Counsel has adequately complied with the procedural requirements for withdrawal.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. We first consider the issues raised by Counsel in the **Anders** brief and determine whether they are in fact

_____

[5] As of the date of this decision, Appellant has not filed a *pro se* brief with this Court or retained private counsel.

frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 272. If we find those issues to be frivolous, we then proceed to conduct an examination of the record to discern if there are any other issues of arguable merit overlooked by Counsel. **Yorgey**, 188 A.3d at 1197; **Dempster**, 187 A.3d at 271-72.

In her **Anders** brief, Counsel addresses the discretionary aspects of Appellant's sentence, framed as two separate issues: first, whether Appellant's claim is excessive, and second, whether the trial court set forth adequate reasons for its decision on the record. Counsel concludes that any challenge to the discretionary aspects of Appellant's sentence is waived based upon the fact that Appellant did not object at sentencing or file a post-sentence motion. We agree.

"To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing[] or raise the challenge in a post-sentence motion." **Commonwealth v. Clary**, 226 A.3d 571, 579 (Pa. Super. 2020); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **Commonwealth v. Miller**, 275 A.3d 530, 534 (Pa. Super. 2022) (to invoke appellate jurisdiction for review of discretionary sentencing issue, appellant must preserve issue at sentencing or in a motion to reconsider and modify the sentence); **Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super.

2019) (*en banc*) (same). Failure to preserve a discretionary sentencing issue before the trial court results in waiver. ***Commonwealth v. Sheets***, \_\_\_ A.3d \_\_\_, 2023 PA Super 154, at *13 (Pa. Super. filed August 10, 2023); ***Commonwealth v. Smith***, 206 A.3d 551, 567 (Pa. Super. 2019); ***Dempster***, 187 A.3d at 272-73. An appellant cannot cure this waiver by including the challenge to the discretionary aspects of sentencing in his Pa.R.A.P. 1925(b) statement. ***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 976 (Pa. Super. 2019).

Here, Appellant did not object to his sentence at the February 1, 2023 sentencing hearing or file a post-sentence motion.[6] As such, any discretionary

_____

[6] While Appellant did not file a post-sentence motion, we note that Appellant's then-counsel did indicate that he had an "objection" to the computation of his prior record score and he intended to file a motion for reconsideration to address the issue. N.T., 2/1/23, at 2. However, prior counsel did not articulate the basis of his objection at that time. ***Id.*** (prior counsel stating only that "[w]e computed [the prior record score] differently"). A challenge to the calculation of the prior record score implicates the discretionary aspects of sentencing and thus must be preserved at sentencing or in a post-sentence motion. ***Commonwealth v. Sunealitis***, 153 A.3d 414, 421 (Pa. Super. 2016) (a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence); ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); ***see also Sheets***, 2023 PA Super 154, at *13 (failure to preserve a discretionary sentencing issue results in waiver). Because prior counsel did not articulate the rationale for his objection to the calculation of the prior record score at sentencing and no post-sentence motion was filed, this issue is waived for the purpose of appeal. ***Clary***, 226 A.3d at 579 (challenge to sentence must be stated with specificity and particularity and must provide trial court opportunity to correct its sentence).

Nevertheless, we note that upon our review of the presentence investigation report ("PSI") and sentencing guidelines recommendation in this matter, such
*(Footnote Continued Next Page)*

sentencing issue that Appellant would seek to raise on appeal was waived.

**Sheets**, 2023 PA Super 154, at *13; **Smith**, 206 A.3d at 567; **see also**

**Dempster**, 187 A.3d at 272-73 (concluding that challenge to discretionary

aspects of sentence was waived due to absence of objection at sentencing and

---

a challenge to the prior record score calculation may have had merit. According to the sentencing guidelines form used by the trial court, Appellant had a prior record score of Repeat Violent Offender Category, or REVOC. Sentencing Guideline Form, 2/16/23. A REVOC prior record score is appropriate in cases where an offender has an adjudication of "two or more previous convictions or adjudications for four[-]point offenses" and his current conviction carries an offense gravity score of 9 or more. 204 Pa. Code § 303.4(a)(1) (7th Edition, Amendment 6). The second requirement was satisfied as Appellant's conviction of possession of a firearm by a prohibited person had an offense gravity score of 9. Sentencing Guideline Form, 2/16/23; 204 Pa. Code § 303.15 (7th Edition, Amendment 6) (comprehensive offense listing). However, the first requirement does not appear to be satisfied as Appellant's PSI only lists one four-point offense, a 2012 robbery conviction under 18 Pa.C.S. § 3701(a)(1)(ii) at CP-51-CR-0012094-2008. PSI, 9/13/23, at 3; 204 Pa. Code § 303.7(a)(1) (7th Edition, Amendment 6) (listing four-point offenses, including "completed crimes of violence, as defined in 42 Pa.C.S. § 9714(g), excluding inchoates"); 42 Pa.C.S. § 9714(g) (defining crime of violence to include robbery under 18 Pa.C.S. § 3701(a)(1)(ii)). While Appellant was also convicted of conspiracy to commit robbery at CP-51-CR-0012094-2008, inchoate crimes, such as conspiracy, are not counted as four-point offenses. 204 Pa. Code § 303.7(a)(1), (2) (7th Edition, Amendment 6) (inchoate crimes of violence are three-point offenses); **Commonwealth v. King**, 234 A.3d 549, 568-69 (Pa. 2020) (stating that conspiracy is an inchoate crime). Therefore, it appears that Appellant should have been placed in the Repeat Felony 1 and Felony 2 Offender Category, or RFEL, because he has previous first-degree felony convictions with a total of more than 6 points. 204 Pa. Code § 303.4(a)(2) (7th Edition, Amendment 6). However, as stated above, Appellant did not preserve this issue and it cannot be addressed by this Court on his direct appeal regardless of any potential merit. **Sheets**, 2023 PA Super 154, at *13; **Dempster**, 187 A.3d at 272-73; **Sunealitis**, 153 A.3d at 421; **Archer**, 722 A.2d at 210-11.

post-sentence motion and concluding that sentencing claim was thus wholly frivolous for purpose of **Anders**).

Based on the foregoing, we agree with Counsel that Appellant's challenge to the discretionary aspects of his sentence is wholly frivolous. As part of our independent review of the record to discern if there are any other issues of arguable merit overlooked by Counsel, **Yorgey**, 188 A.3d at 1197; **Dempster**, 187 A.3d at 271-72, we note that, by pleading guilty, Appellant limited his cognizable appellate issues to the trial court's jurisdiction, the validity of his plea, and the legality of his sentence—in addition to the discretionary sentencing issues previously addressed. **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014); **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 n.5 (Pa. Super. 2019). We discern no merit to any claim that the trial court lacked jurisdiction as the record shows that Appellant's crime occurred in Lackawanna County, he had adequate notice of the charges against him, and the judge who accepted Appellant's plea and sentenced him was a sitting judge in the Court of Common Pleas of Lackawanna County. N.T., 11/29/22, at 5 (Appellant admitting that his crime occurred in Lackawanna County); **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007) (noting that "courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code"); **Commonwealth v. Goldblum**, 447 A.2d 234, 244 (Pa. 1982) ("Subject matter jurisdiction in the trial court exists by virtue of the presentation of prima facie evidence that a criminal act occurred within the jurisdiction of the court."); **Commonwealth v. McNeil**,

665 A.2d 1247, 1251 (Pa. Super. 1995) ("Personal jurisdiction in a criminal matter is secured through the defendant's presence within the territorial jurisdiction of the court.").

Further, Appellant waived any hypothetical challenge to the validity of his plea by not objecting at the plea hearing or filing a timely motion to withdraw his plea. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). In any event, the written and oral plea colloquy addressed the necessary areas of inquiry to ensure that the plea was knowing, voluntary, and intelligent. N.T., 11/29/22, at 3-5 (discussion of right to jury trial, nature of charges, maximum penalties, and factual basis for plea); Guilty Plea Colloquy Form, 11/29/22, at 2-4 (discussion of presumption of innocence, elements of offense, right to jury trial, and maximum penalties); Pa.R.Crim.P. 590, Comment (discussing topics that must be discussed with defendant to ensure validity of plea); *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (same).

Turning to the legality of Appellant's sentence, we note that Appellant was charged with possession of a firearm by a prohibited person graded as a felony of the second degree, he pleaded guilty to the second-degree felony version of the offense, and the sentencing guidelines form used at sentencing indicated that the offense was graded as a second-degree felony. Information, 10/21/21 (Count 1 graded as a second-degree felony); N.T., 11/29/22, at 3-4 (indicating that Appellant was pleading guilty to "possession of a firearm prohibited, a felony two" and informing Appellant that maximum

term of imprisonment he faced was 10 years); Guilty Plea Colloquy Form, 11/29/22, at 3 (informing Appellant that he could be sentenced to maximum term of 10 years); Sentencing Guideline Form, 2/16/23 (offense graded "F-2"); 18 Pa.C.S. § 1103(2) (for felony of the second degree, court may impose a term of not more than 10 years). However, the sentencing order states that Appellant was sentenced on "Count 1 – 18 § 6105 §§ A1 – Possession Of Firearm Prohibited (**F1**)," Sentencing Order, 2/1/23 (emphasis added), and the trial court docket reflects that Appellant was convicted of a first-degree felony. Criminal Docket, CP-35-CR-0001919-2021.

A challenge to the proper grading of an offense implicates the legality of the sentence, ***Commonwealth v. Pope***, 216 A.3d 299, 303 (Pa. Super. 2019); ***Commonwealth v. Weimer***, 167 A.3d 78, 83 n.6 (Pa. Super. 2017), which is a cognizable issue in this appeal. ***Eisenberg***, 98 A.3d at 1275; ***DiClaudio***, 210 A.3d at 1074 n.5. Generally, where there is a discrepancy between the written sentencing order and the statements at the sentencing hearing, it is the text of the sentencing order that controls what the defendant's sentence is. ***Commonwealth v. Kremer***, 206 A.3d 543, 548 (Pa. Super. 2019); ***Commonwealth v. Sarvey***, 199 A.3d 436, 451-52 (Pa. Super. 2018).

However, a trial court retains the authority correct "a clear clerical error (or a patent and obvious mistake)" that are obvious on the face of the record beyond the court's traditional authority to modify its orders within 30 days of issuance. ***Commonwealth v. Rosario***, 248 A.3d 599, 606 (Pa. Super. 2021)

- 10 -

(citation omitted); *see also Kremer*, 206 A.3d at 548 (same); 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). In the case of an error in a sentencing order, an error may be deemed correctible as a patent and obvious mistake where "the trial court's intentions to impose a certain sentence" different than that in the sentencing order is "obvious on the face of the sentencing transcript" and "clearly and unambiguously declared during the sentencing hearing." *Rosario*, 248 A.3d at 606 (quoting *Kremer*, 206 A.3d at 548); *see also Commonwealth v. Bartic*, ___ A.3d ___, 2023 PA Super 164, at *4 n.2 (Pa. Super. filed September 12, 2023).

Here, where the charging documents, sentencing guidelines, and the trial court's statements at the sentencing hearing all indicated that Appellant was convicted of a second-degree felony, and further Appellant did not admit to facts that would support a first-degree felony grading[7] and the sentence

---

[7] The crime of possession of a firearm by a prohibited person may be graded as a first-degree felony if the defendant has a prior conviction of the same offense or if he "was in physical possession or control of a firearm, whether visible, concealed about the [defendant] or within [his] reach." 18 Pa.C.S. § 6105(a.1)(1.1)(i). While Appellant does have a prior conviction of the same offense, PSI, 9/13/23, at 3 (noting prior conviction of possession of a firearm by a prohibited person at CP-51-CR-0006634-2018), his conviction was not cited in the criminal information or during his sentencing hearing and he did not admit to being in physical possession of the firearm during his guilty plea colloquy. N.T., 11/29/22, at 5.

was within the statutory maximum for a second-degree felony, we conclude that the notation on the sentencing order that Appellant was sentenced to an "F1" offense constituted a clear clerical error. Sentencing Order, 2/1/23; *Bartic*, 2023 PA Super 164, at *3-4 n.2 (determining that trial court committed clear clerical error where it stated at sentencing that two six-month probationary sentences were to run consecutively but sentencing order stated that sentences were to run concurrently); *Rosario*, 248 A.3d at 606-07 (finding that the trial court was authorized to correct clear clerical error in sentencing order to reflect that defendant was sentenced on one, not three, conspiracy charges where sentencing transcript clearly supported correction and correction did not affect aggregate sentence). A remand for the trial court to correct this clear clerical error is thus necessary. *Bartic*, 2023 PA Super 164, at *4 & n.2 (affirming judgments of sentence but remanding for trial court to correct clear clerical error in one of the sentencing orders under appeal).

Accordingly, although we conclude that the issues raised in Counsel's *Anders* brief are frivolous and that there are no other non-frivolous issues Appellant could have raised in this appeal, we remand to the trial court to correct the clear clerical error present in its sentencing order. As further proceedings are necessary in this matter, we deny Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw denied. Case remanded for correction of the sentencing order. Jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/13/2023