J-S35004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC WILLIAM DIAZ | : | |
| | : | |
| Appellant | : | No. 1016 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 13, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003178-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: DECEMBER 28, 2023**

Eric William Diaz appeals from the judgment of sentence imposed following his guilty plea to six counts of child pornography. Diaz's counsel, Kristen L. Weisenberger, Esquire, has filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and an application to withdraw as counsel. After careful review, we affirm, and grant Attorney Weisenberger leave to withdraw.

Since the initiation of Diaz's charges in 2017, the procedural history in this case has been lengthy. In 2011, Diaz pled guilty to possession of child pornography and received an aggregate negotiated sentence of five years' probation. The trial court revoked Diaz's probation in 2012, and resentenced him to five years' intermediate punishment, with six months' imprisonment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In 2014, Diaz was convicted of a new sexual offense in Maryland, leading the trial court in this case to revoke his sentence of intermediate punishment. In 2016, the trial court re-sentenced Diaz to five years' intermediate punishment, with one year served in prison, to be followed by five years' probation.

In 2017, Diaz was serving his sentence of intermediate punishment, but on work release subject to sex offender conditions, including a prohibition on possessing a wireless phone. Diaz was found to be in possession of a wireless phone, the phone was seized and searched by probation and child pornography was found on the phone.

Diaz was originally represented by Attorneys Vincent Monfredo and Roger Laguna of the law firm Laguna Reyes Maloney, LLP, who filed pretrial motions and litigated a motion to suppress. After many continuances for plea negotiations, Diaz filed a *pro se* notice of appeal to this Court on April 15, 2019, purporting to appeal from the January 31, 2018 order granting reconsideration of Diaz's pretrial motion for suppression and scheduling a suppression hearing. This Court quashed that appeal as untimely and interlocutory. **See Commonwealth v. Diaz**, 622 MDA 2019 (Pa. Super. filed May 23, 2019) (unpublished order).

Diaz continued litigating pretrial motions through his counsel in the trial court, while sending *pro se* notices of appeal to the trial court clerk. Notably, the Judge who had re-sentenced Diaz in 2016, the Honorable Deborah Curcillo, presided over an initial suppression hearing. At the close of the hearing, Judge Curcillo granted Diaz's motion to present additional evidence

at a later date. While waiting for a supplemental hearing, Diaz filed a motion seeking to have Judge Curcillo recuse herself. However, due to scheduling conflicts, the supplemental hearing was transferred to the Honorable President Judge Richard Lewis, who subsequently denied suppression. **See** Order, 12/10/2019.

Diaz, through counsel, filed a motion to certify the interlocutory order for appeal to this Court. The motion to certify was denied, however, and in the interim Diaz filed another *pro se* appeal in this Court which was quashed as interlocutory. **See Commonwealth v. Diaz**, 164 MDA 2020 (Pa. Super. filed July 6, 2020) (unpublished order).

Diaz pleaded guilty before Senior Judge Robert Eby on June 3, 2021. On August 31, 2021, Diaz filed a *pro se* motion to withdraw his guilty plea and have Attorney Weisenberger appointed. A hearing was held, at which point Diaz withdrew his guilty plea and Attorney Laguna withdrew from representation. **See** N.T. 12/1/2021, at 14-15. Diaz then proceeded *pro se*, until the trial court ultimately appointed the public defender to represent him. **See** Order, 3/17/22.

Diaz again chose to enter a guilty plea. When he pleaded guilty, Diaz admitted that, while a resident of the county's work release program, he was in possession of a wireless phone in violation of the rules of the program and, when it was seized and searched, it was found to contain child pornography which was downloaded and stored on six separate dates. **See** N.T. 5/13/22 at

15-16. That same day, Diaz was sentenced to an aggregate of six to twelve years' incarceration followed by ten years' probation. *See id*. at 19-21.

On May 16, 2022, and May 20, 2022, *pro se* motions were docketed, both dated May 11, 2022 with the note, "The 'Prisoner Mailbox Rule' applies to this instant filing". On May 23, 2022, counsel from the public defender's office withdrew their appearance. On May 25, 2022, a *pro se* post-sentence motion to vacate and modify the sentence was docketed, dated May 23, 2022, with the same notation regarding the prisoner mailbox rule. The same day, another *pro se* post-sentence motion was docketed, this time requesting to withdraw the guilty plea and request new counsel, also dated May 23, 2022.

The trial court issued an opinion disposing of Diaz's numerous *pro se* motions. **See** Order and Opinion, 7/6/2022. Diaz then filed a *pro se* notice of appeal to this Court on July 14, 2022. Attorney Weisenberger was appointed for the appeal and counsel and the trial court both complied with Pa.R.A.P. 1925.

Before we reach the merits of Diaz's appeal, we must address its timeliness. Timely appeals must be filed within 30 days of the entry of the order on appeal. **See** Pa.R.A.P. 903(a). Post-sentence motions must be filed within ten days of the sentence. **See** Pa.R.Crim.P. 720 (A)(1). Timely post-sentence motions toll the appeal period until an order is entered deciding the motion. **See** Pa.R.Crim.P. 720 (A)(2). Untimely post-sentence motions do not toll the appeal period. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Here, Diaz was sentenced on May 13, 2022. His *pro se* post-sentence motions were docketed on May 25, 2022. As these filings were more than 10 days after his sentence, they were facially untimely. However, an incarcerated *pro se* litigant's filing is considered filed on the day it is delivered to the prison for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). Therefore, Diaz's post-sentence motion is deemed timely filed on May 23, 2022, and the instant appeal is timely.

On appeal, Attorney Weisenberger has filed an **Anders** brief and an application to withdraw as counsel. Diaz filed a *pro se* brief in response to the **Anders** brief.

Before reviewing the underlying merits of the appeal, we must determine whether Attorney Weisenberger has complied with the requirements of **Anders** in her attempt to withdraw from representation. **See Commonwealth v. Goodwin,** 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). **Anders** requires direct appeal counsel to file a petition evincing their review of the record and their determination that an appeal is frivolous, file a brief laying out issues that could arguably support an appeal and provide a copy of said petition and brief to their client, advising them of their right to retain new appellate counsel, proceed *pro se* on appeal or raise additional issues. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015). A proper **Anders** brief contains a factual and procedural summary of the case, citing the record, references to points in the record that arguably support the appeal, counsel's conclusion that the appeal is frivolous, and

counsel's reasons for reaching that conclusion including relevant authority. **See id**.

Here, Attorney Weisenberger has complied with the requirements set forth in **Anders** by indicating that she examined the record and determined that an appeal would be frivolous. Further, Attorney Weisenberger's **Anders** brief sets forth her conclusion that Diaz's claim that the trial court erred by not allowing him to withdraw his guilty plea a second time is frivolous. Finally, Attorney Weisenberger provided a letter to Diaz, informing him of her intention to withdraw as counsel, and advising Diaz of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Attorney Weisenberger has satisfied the technical requirements for withdrawing from representation, we will independently review the record to determine whether Diaz's appeal is, in fact, wholly frivolous. **See Flowers**, 113 A.3d at 1248.

Attorney Weisenberger identifies a single argument that Diaz wishes to present to this Court: that it was error to deny his motion to withdraw his guilty plea which was induced by the threat of a mandatory minimum that does not apply to Diaz. **See Anders** Brief, at 8. Turning to the merits of this claim we easily confirm Attorney Weisenberger's conclusion that the claim is wholly frivolous.

Diaz argues that he was coerced into his guilty plea through the threat of a 25-year mandatory minimum sentence as a repeat offender. As all parties concede, Diaz was in fact subject to a mandatory minimum sentence of 25 years' incarceration for this conviction, based on his prior conviction for child

pornography, if the Commonwealth sought its imposition. *See* 42 Pa.C.S.A. § 9718.2(a)(1); 42 Pa.C.S.A. § 9799.14(b)(9). However, in exchange for his guilty plea, the Commonwealth waived the imposition of the mandatory minimum sentence and Diaz instead received the negotiated sentence of six to twelve years' incarceration followed by ten years' probation. *See* N.T. 5/13/2022, at 4.

The law does not require that Diaz be pleased with the outcome of his decision to enter a plea of guilty, rather, all that is required is that Diaz's decision to plead guilty is made knowingly, voluntarily, and intelligently. *See Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006). If the mandatory minimum sentence that the prosecutor threatened to seek at trial were, in fact, an illegal sentence, Diaz would possibly be entitled to relief. *See Commonwealth v. Hodges*, 789 A.2d 764, 767 (Pa. Super. 2002).

Diaz contends the mandatory minimum sentence would have been illegal because he was still serving his sentence for the conviction that triggered the applicability of the mandatory minimum sentence. *See Anders* Brief, at 12-13. The mandatory minimum sentence identified by the Commonwealth applies "if, at the time of the commission of the current offense [Diaz] had previously been convicted" of a crime listed under 42 Pa.C.S.A. § 9799.14. 42 Pa.C.S.A. § 9718.2(1). As noted, Diaz does not contest that he had previously been convicted of such a crime. Rather, Diaz contends that section 9718.2(1) does not apply unless he had finished serving his sentence for that crime. This argument is wholly frivolous, as the statute

explicitly requires only a prior conviction; there is no requirement, either explicit or implied, that Diaz's sentence be concluded.

Next, Attorney Weisenberger notes that Diaz claims his plea was not knowing and intelligent because he had no prior notice of his hearing in violation of his due process rights. *See Anders* Brief, at 13. A guilty plea colloquy must include the nature of the charges, facts of the offense, defendant's right to a jury trial and presumption of innocence and the guidelines for sentencing as well as the trial court's power to deviate from a recommendation. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015). Here, the record reflects a thorough guilty plea colloquy and explanation of the negotiated sentence, belying Diaz's claim that his plea was unknowing and unintelligent. *See* N.T. 5/13/22, at 5-14. Diaz entirely fails to explain how any alleged lack of notice of the hearing undermines this conclusion.

Further, in his *pro se* response to the *Anders* brief, Diaz raises a multitude of claims that he has made many times before throughout this case. Specifically, he asserts that Attorney Weisenberger was ineffective generally and for failing to incorporate and address the claims he originally raised in his *pro se* notice of appeal: that a manifest injustice justified the withdrawal of his guilty plea; that the trial court abused its discretion in ruling on motions which allegedly corrupted the plea process; that the trial court should have recused itself; that the trial court should have granted his post-sentence motion for new counsel; that the trial court should have granted his post-

sentence motion to modify the conditions of parole and probation; and that 42 Pa.C.S.A. § 9799.14(d) of Subchapter H is unconstitutional and he is due a hearing on the matter of the unconstitutionality of his lifetime registration under SORNA. *See Pro Se* Response to **Anders** Brief at 4-5; Exhibit 1, 4-5.

Initially, to the extent that Diaz is claiming that Attorney Weisenberger was ineffective in filing a Pa.R.A.P. 1925 statement that did not identify all of the issues Diaz wished to argue, we note that in a case where counsel has filed an **Anders** brief, this Court must perform an independent review of the record to determine whether there are any meritorious issues not raised by counsel. As such, the counseled Pa.R.A.P. 1925 statement does not prevent this Court from considering those issues highlighted by Diaz in his *pro se* response. **See Commonwealth v. Goodwin**, 928 A.2d 287, 293 (Pa. Super. 2007).

Turning to those issues identified by Diaz, he first contends that the trial court ignored a manifest injustice in denying his request to withdraw his guilty plea. This contention is based on Diaz's belief that he was not subject to the mandatory minimum sentence since he was still serving the sentence imposed for the triggering conviction. As we have already determined that this claim is wholly frivolous, Diaz is due no relief on this issue.

Next, Diaz argues that Judge Curcillo should have recused herself. Diaz does not identify where he first sought Judge Curcillo's recusal, but our review of the record indicates this was first done after the suppression hearing on January 31, 2018. While Judge Curcillo did not explicitly rule on this request,

it is notable that she had no further involvement in this matter. It is arguable that Diaz waived this issue by pleading guilty. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (observing that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." (citation omitted)). It is further arguable that Diaz waived his recusal request by failing to raise it "at the earliest possible moment[.]" *Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017). But we need not even reach these conclusions, as we conclude that Diaz has waived the issue by failing to identify how any alleged impropriety on the part of Judge Curcillo affected his ultimate guilty plea. To reiterate, it was Judge Lewis who denied Diaz's motion to suppress, and Senior Judge Eby who presided over Diaz's guilty plea and sentencing. While Diaz forcefully asserts a right to relief, his arguments are mere boilerplate allegations that Judge Curcillo's alleged improprieties tainted the proceedings before other judges. Accordingly, this issue is waived and therefore wholly frivolous. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014).

Next, Diaz contends that Senior Judge Eby erred by denying Diaz's numerous pre- and post-sentence motions requesting the appointment of conflict counsel. As we have already concluded that Diaz knowingly and intelligently entered his negotiated guilty plea, and received the negotiated sentence, we further conclude that Diaz has waived this issue. *See Lincoln*, 72 A.3d at 609.

Diaz also argues that the trial court did not impose any conditions on his probation or parole, and he therefore objects to the special conditions for sex offenders sent to him by Dauphin County Probation Services. These conditions are not in the certified record and are only before this Court as exhibits attached to Diaz's *pro se* response to the ***Anders*** brief. As such, this issue is technically waived. ***See Commonwealth v. Johnson***, 33 A.3d 122, 126 (Pa. Super. 2011).

Even if we were to reach this issue, we would conclude it has no merit. While Diaz argues that the probation office imposed these conditions without direct authority from the sentencing court, the record clearly belies this assertion. In its written sentencing order, the court checked the box titled "Standard Conditions of Probation/Parole – Sex Offender[.]" Sentencing Sheet, 5/13/22. As such, the sentencing court clearly imposed the special conditions for sex offenders. ***See Commonwealth v. Kremer***, 206 A.3d 543, 548 (Pa. Super. 2019) ("Stated another way, the signed, written sentencing order controls, where the sentencing transcript is ambiguous[.]").

Finally, Diaz argues that he is entitled to a hearing on the constitutionality of SORNA subchapter H pursuant to ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020). We disagree. Diaz has not presented any evidence to overcome the presumption of Subchapter H's constitutionality; he therefore is not entitled to any relief on appeal. ***See Commonwealth v. Manzano***, 237 A.3d 1175, 1182 (Pa. Super. 2020).

In sum, Diaz knowingly, voluntarily, and intelligently entered into his guilty plea. None of his claims to the contrary hold any merit, and his guilty plea waives several of the claims raised in his *pro se* response. Additionally, we have discovered no other, non-frivolous issues that merit our review. We therefore grant counsel's petition to withdraw and affirm Diaz's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/28/2023