J-S30001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH BARTELLI | : | |
| | : | |
| Appellant | : | No. 186 EDA 2025 |

Appeal from the PCRA Order Entered December 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0707261-1995

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 7, 2025**

Appellant, Keith Bartelli, appeals from the order entered on December 19, 2024, which dismissed his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the underlying facts and procedural posture of this case:

> Appellant was convicted in May [] 1996 of committing the crimes of robbery, burglary, and aggravated assault following a non-jury trial before the Honorable Ricardo C. Jackson of the Court of Common Pleas of Philadelphia County and was sentenced to [39] years' probation on September 27, 1996. [On September 30, 1996, the Commonwealth filed a petition for reconsideration of sentence and on October 16, 1996, the trial court vacated Appellant's sentence and granted the Commonwealth's request for further hearing.  After Appellant failed to appear for numerous scheduled sentencing hearings,] on March 24, 1999, Appellant appeared before

_____

[*] Retired Senior Judge assigned to the Superior Court.

Judge Jackson for resentencing and he received a term of . . . [31 to 62] years [in prison]. Appellant appealed to the Superior Court, which dismissed the appeal for failure to file a brief. Appellant thereafter filed a PCRA petition asserting that prior counsel was ineffective for failing to file an appellate brief. On August 16, 2001, said petition was granted and Appellant was given the right to file a notice of appeal *nunc pro tunc*.

Appellant filed said notice and, on November 17, 2003, the Superior Court affirmed the judgment of sentence. ***Commonwealth v. Bartelli***, 841 A.2d 570 (Pa. Super. 2003) (unpublished memorandum). Appellant then filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on March 31, 2004. ***Commonwealth v. Bartelli***, 847 A.2d 1277 (Pa. 2004)[.]

On September 1, 2004, Appellant filed a PCRA petition and[,] . . . on May 6, 2008, [the PCRA court] dismiss[ed] Appellant's petition. Appellant did not file a notice of appeal from that order.

Appellant filed a second PCRA petition on July 9, 2015, wherein he asserted that his sentence was illegal pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013), because it was composed of mandatory minimum sentences, which the United States Supreme Court ruled to be unconstitutional in ***Alleyne*** when the fact-finder did not determine the facts that triggered the application of the mandatory sentence. On December 1, 2015, the PCRA court . . . issued an order dismissing Appellant's PCRA petition without a hearing. Appellant did not file a notice of appeal.

On June 1, 2016, Appellant filed his third PCRA petition wherein he alleged that he was entitled to relief pursuant to the case of ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). The PCRA court sent Appellant a Rule 907 Notice after which, on May 17, 2017, it issued an order dismissing his PCRA petition. On June 2, 2017, Appellant filed a timely notice of appeal.

***Commonwealth v. Bartelli***, 201 A.3d 846 (Pa. Super. 2018)

(non-precedential decision) (quotation marks, corrections, and some citations

- 2 -

omitted); *see also Commonwealth v. Bartelli*, 2343 EDA 2001 (Pa. Super. 2003).

On November 14, 2018, this Court affirmed the dismissal of Appellant's third PCRA petition. *See id.*

Appellant filed a fourth PCRA petition on November 1, 2019. The PCRA court dismissed this petition on May 3, 2022 and Appellant did not file a notice of appeal from the PCRA court's order.

On August 28, 2024, Appellant filed the current PCRA petition – Appellant's fifth under the PCRA. Within the petition, Appellant acknowledged that it was filed outside of the PCRA's one-year time-bar and is thus facially untimely. *See* Current PCRA Petition, 8/28/24, at 2. Appellant, however, claimed that his petition satisfies the newly-discovered fact exception to the PCRA's time-bar. Specifically, Appellant claimed:

> on May 22, 2024, after, [Appellant's] reading of **Commonwealth v. Brian Kremer**, 2019 PA Super 84; 206 A.3d 543; 2019 Pa Super LEXIS 254[,] inside SCI Phoenix's law-library, [Appellant] sequentially mailed to [the trial court's] Office of Clerks a request seeking a copy of Commonwealth's 1996 motion for reconsideration.
>
> Ultimately, on August 6, 2024, the Clerk's office responded alerting [Appellant] "no such record existed within [Appellant's] record case files."
>
> . . .
>
> Here in light of the Clerk's Office response establishing after a search of "[Appellant's] files - no responsive record was found to exist" . . . [results in the] 1999 resentencing hearing [being] unlawful – [as the tribunal did not possess] jurisdiction.

Current PCRA Petition, 8/28/24, at 2-3 (paragraph numbers and citations omitted).

The PCRA court dismissed Appellant's petition on December 19, 2024 and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

We affirmed Appellant's judgment of sentence on November 17, 2003 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 31, 2004. *Commonwealth v. Bartelli*, 841 A.2d 570 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 847 A.2d 1277 (Pa. 2004). Thus, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on June 29, 2004, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* U.S.Sup.Ct.R. 13.1.

Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until June 29, 2005 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on August 28, 2024, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 5 -

Appellant purports to invoke the "newly discovered fact" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Regarding the newly discovered fact exception, our Supreme Court has explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke this exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

As Appellant claims, he recently discovered that the prothonotary of the Philadelphia County Court of Common Pleas cannot locate the "motion for reconsideration of sentence" that the Commonwealth filed on September 30, 1996. According to Appellant, the failure of the prothonotary to locate this record results in his sentence being illegal, as the trial court did not have jurisdiction to alter his initial, probationary sentence more than 30 days after its entry. *See* Appellant's Brief at 13.

Appellant's claim immediately fails, as he never explained why he was unable to discover this alleged "newly-discovered fact" in the prior two decades with the exercise of due diligence. *See* Current PCRA Petition, 8/28/24, at 1-3; Appellant's "Objections to the Court's 907 Notice to Dismiss," 11/25/24, at 1-3. *See Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) ("[t]he plain language of Section 9545(b)(1)(ii) . . . makes clear that **a petitioner must plead and prove** that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been

ascertained by the exercise of due diligence'") (emphasis added). Appellant's failure is especially noticeable in the case at bar, given the fact that Appellant (or Appellant's counsel) had to have reviewed the record multiple times throughout the past two decades, to prepare Appellant's direct appeal and four prior PCRA petitions.

We conclude that, since Appellant failed to plead a valid exception to the PCRA's time-bar, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's fifth PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/7/2025